Mr. Justice SWAYNE
 

 delivered the opinion of the court.
 

 The plaintiff in error instituted five suits in the St. Louis Circuit Court for the recovery of taxes alleged to be due from the ferry company to the city. Upon the petition of the company they were removed into the Circuit Court of the United States for that district. In that court, by the consent of the parties, the causes were consolidated and thereafter proceeded to trial as one case. The counsel upon both sides entered into a written stipulation waiving a jury, and the cakise was submitted to the court, pursuant to the act of Congress of March 3d, 1865. The court found the facts specially, and the finding is a part of the record. Judgment was given for the defendant. The city excepted and has brought the case here for review.
 

 The bill of exceptions was unnecessary. The facts having been specially found by the court, they are before us for examination as if they were embodied in the special verdict of a jury. The question presented for our consideration, as prescribed by the statute, is, whether they are sufficient to support the judgment. The bill of exceptions gives them no effect which they would not have had without it, and raises no question which would not have been as well presented if it had not been taken.
 

 The controversy relates to taxes imposed by the city upon the ferry-boats of the defendants, used in conveying freight
 
 *429
 
 and passengers across the Mississippi Fiver between the city of St. Louis and the opposite Illinois shore. The company was required to pay a specific sum for a license, and a tax was imposed upon its wharf-boat, attached to the city landing. Both were duly paid. Payment of the taxes upon the ferry-boats was refused, and the several suits, consolidated into the one before us, were instituted by the city to recover the amount claimed to be due.
 

 In the jurisprudence of the United States a corporation is regarded as in.effect a citizen of the State which created it. It has no faculty to emigrate. It can exercise its franchises extra-territorially only so far as may be permitted by the policy or comity of other sovereignties. By the consent, express or implied, of the local government, it may transact there any business not
 
 ultra
 
 vires, and, “ like a natural person, may have a special or constructive residence, so as to be charged with taxes and duties or be subjected to a special jurisdiction.”
 
 *
 
 It is for the local sovereign to prescribe the terms and conditions upon which its presence by its agents and the conducting of its affairs shall be permitted.
 
 †
 

 It has been said that the power of taxation for the purposes of the commonwealth is a part of all governmental sovereignty and is inseparable from it. It is for the legislature to decide what persons and property shall be reached by the exercise of this function and in what .proportions and by what processes and instrumentalities taxes shall be assessed and collected. The authority extends over all persons and property within the sphere of its territorial jurisdiction. When called into activity there can be no limit to the degree of its exercise except what is found' in the wisdom of the lawmaking power and the operation of those conservative principles which lie at the foundation of all free govern men t.
 
 ‡
 

 
 *430
 
 Where there is jurisdiction neither as to perso'ii“nor property, the imposition of a tax would be
 
 ultra vires
 
 and void. If the legislature of a State should enact that the citizens or property of another State or country should be taxed in the same manner as the persons and property within its own limits and subject to its authority, or in any other manner whatsoever, such a law would be as much a nullity as if in' conflict with the most explicit constitutional inhibition. Jurisdiction is as necessary to valid legislative as to valid judicial action.
 

 In the eye of the law personal property, for most purposes, has no locality.
 
 Mobilia sequuntur personam; immobilia situm. Mobilia non habent sequelam.
 
 In a qualified sense it accompanies the owner wherever he goes, and he may deal with it and dispose of it according to the law of his domicile. If he die intestate, that law, wheresoever the property may be situate, governs its disposal, and fixes the rights and shares of the several distributees.
 
 *
 
 But this doctrine is not allowed to stand in the way of the taxing power in the locality where the property has its actual
 
 situs,
 
 and the requisite legislative jurisdiction exists. Such property is undoubtedly liable to taxation there in all respects as if the proprietor were a resident of the same locality.
 
 †
 
 The personal property of a resident at the place of his residence is liable to taxation, although he has no intention to become domiciled there.
 
 ‡
 
 Whether the personal property of a resident of one State situate in another can be taxed in the former, is a question which in this case we are not called upon to decide.
 
 §
 

 Upon looking into the enactments under which the taxes in question were assessed, it is obvious that their purpose
 
 *431
 
 was not to tax the property through the proprietor, but to tax the things themselves by reason of their being “within the city.” The point for us to decide, therefore, is, whether they are covered by the legal provisions under which the taxes were imposed. If the taxing officer acted without authority the taxes were invalid, and the city is not entitled to recover in this action.
 

 The boats were enrolled at the city of St. Louis, but that throws no light upon the subject of our inquiry. The act of 1789, section 2,
 
 *
 
 and the act of 1792, section 3,
 
 †
 
 require every vessel to be registered in the district to which she belongs, and the fourth section of the former act, and the third section of the latter, declares that her home port shall be that at or near which her owner resides. The solution of the question, where her home port is, when it arises, depends wholly upon the locality of her owner’s residence, and not upon the place of her enrolment.
 
 ‡
 

 The company has an office in Illinois. Its minor officers, such as engineers and pilots, lived in Illinois, where its real estate, including a warehouse, was situated. The company had also an office in St.. Louis. Its president and vice-president and other principal officers lived in the city, and there the ordinary business meetings of the directors were-held, and the corporate seal was kept. The court found that the boats, “when not in actual use, were laid up by the Illinois shore, and were forbidden, by a general ordinance of the city of St. Louis regulating ferries and ferry-boats, to remain at the St. Louis wharf or landing longer than ten minutes at a time.” A tax was paid upon the boats in Illinois. Their relation to-the city was merely that of contact there, as one of the termini of their transit across the river in the prosecution of their business. The time of such contact was limited by the city ordinance. Ten minutes was the maximum of the stay they were permitted to make at any one time. The owner was, in the eye of the law, a citizen of
 
 *432
 
 that State, and from the inherent law of its nature could not emigrate or become a citizen elsewhere. As the boats were laid up on the Illinois shore when not in use, and the pilots and engineers who ran them lived there, that locality, under the circumstances, must‘be taken to be their home port. They did not so abide within the city as to become incorporated with and form a part of its personal property.
 
 *
 
 ' Hence they were beyond the jurisdiction of the authorities by which the taxes were assessed, and the validity of the taxes cannot be maintained.
 
 †
 
 In our opinion, thé facts found are sufficient to support the judgment.
 

 It has been insisted ably and learnedly by the counsel for the defendant in error, that the taxes in question are taxes upon the tonnage of vessels engaged in interstate commerce, and are-prohibited by the Constitution of the United States. No argument as to this aspect of the case has been submitted by the counsel upon the other side. We have not found it necessary to consider the subject, and we express no opinion upon It. JUD&MENT AFFIRMED.
 

 *
 

 Glaize
 
 v.
 
 South Carolina Railroad Co., 1 Strobhart, 72; Cromwell’s Executors
 
 v.
 
 Charleston Insurance and Trust Co., 2 Richardson, 512.
 

 †
 

 Bank of Augusta
 
 v.
 
 Earle, 13 Peters, 588; Lafayette Insurance Co. v. French, 18 Howard, 405.
 

 ‡
 

 McCulloch
 
 v.
 
 State of Maryland, 4 Wheaton, 428; Providence Bank v. Billings, 4 Peters, 563.
 

 *
 

 Story’s Conflict of Laws,
 
 §
 
 379; Broom’s Maxims, 501, 502; In re Ewin, 1 Crompton & Jervis, 156.
 

 †
 

 International Life Assurance Company
 
 v.
 
 Commissioners of Taxes, 28 Barbour, 318; Hoyt
 
 v.
 
 The Commissioners, 23 Id. 228; Story’s Conflict of Laws, 550.
 

 ‡
 

 Finley
 
 v.
 
 Philadelphia, 32 Pennsylvania State, 381.
 

 §
 

 Wilson v. The Mayor of New York, 4 E. D. Smith, 678; Hoyt
 
 v.
 
 The Commissioners, 23 New York (Court of Appeals), 228.
 

 *
 

 1 Stat. at Large, 55.
 

 †
 

 Ib. 287.
 

 ‡
 

 3 Kent, 133, 170; Hill
 
 v.
 
 The Golden Gate, Newberry, 308; S. B. Superior, Ib. 181; Jordan
 
 v.
 
 Young, 37 Maine, 276.
 

 *
 

 Hays
 
 v.
 
 Pacific Steamship Company, 17 Howard, 599; City of New Albany
 
 v.
 
 Meekin, 3 Indiana, 481.
 

 †
 

 Railroad Company v. Jackson, 7 Wallace, 262.