PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. MILLER,
Comptroller.

(Supreme Court, Appellate Division, Third Department. December 1, 1903.)

1. FRANCHISE TAX—RAILROADS—VALUATION—ROLLING STOCK.

Where a domestic railroad company failed to establish that any of its rolling stock was used exclusively outside of the state, the value of its entire rolling stock was capital employed within the state, within the meaning of the franchise tax law (Laws 1896, p. 856, c. 908, § 182), imposing a franchise tax on domestic corporations.

Certiorari by the people on the relation of the New York Central & Hudson River Railroad Company to Nathan L. Miller, as comp-

troller of the state, to review a tax assessment. Assessment confirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Ira A. Place, for relator.

John Cuneen, Atty. Gen. (William H. Wood, of counsel), for respondent.

HOUGHTON, J. The original determination of the Comptroller imposing the franchise tax under section 182 of the tax law, c. 908, p. 856, Laws 1896, upon the relator for the year ending October 31, 1900, was reviewed by this court, and a readjustment ordered. People ex rel. N. Y. C. & H. R. R. Co. v. Knight, 75 App. Div. 169, 77 N. Y. Supp. 401. On that readjustment it was held that the relator was entitled to be credited on the value of its rolling stock with the sum of $15,230,186.06, which was the proportionate value of the average amount of its rolling stock employed outside the state during the year. Upon a review of our decision by the Court of Appeals, that court decided that the relator could not be credited with this average amount of its rolling stock employed outside the state during the year, but only such of it as was used exclusively and continuously outside, and remitted the proceeding to the Comptroller for further hearing upon that subject. People ex rel. N. Y. C. & H. R. R. Co. v. Knight, 173 N. Y. 255, 65 N. E. 1102. That hearing has been had, and the Comptroller has found that none of the rolling stock was used continuously and exclusively throughout the year outside the state of New York, and has deducted nothing for the value of cars and equipment temporarily or on an average employed outside. The relator insists that the Comptroller has misapprehended the decision of the Court of Appeals. We do not think so. The decision is very plain. There are two opinions, one discussing all the questions and upholding the credit directed to be given for the value of the average amount of cars employed by the relator outside the state during the year. The majority of the court, however, refused to concur in the propriety of this credit, and the matter was therefore remitted to the Comptroller for further proof upon the subject of continuous and exclusive employment by the relator of rolling stock outside the state. The relator failed to establish upon such hearing that it employed any of its rolling stock in this manner, and the Comptroller has properly found that none was so employed, and it remains only for us to confirm his determination. It would be neither profitable nor proper for us to enter upon a discussion of a question so pointedly decided, or even to point out the logical effect of the application of the rule to the imposition of the franchise tax upon foreign corporations employing in a similar manner a portion of their capital within the state.

The determination of the Comptroller must be confirmed, with costs. All concur.