PEOPLE OF THE STATE OF NEW YORK UPON THE RELATION OF THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY *v.* MILLER.

SAME *v.* SAME.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

SAME *v.* KELSEY.

SAME *v.* SAME.

SAME *v.* SAME.

ERROR TO THE COURT OF APPEALS OF THE STATE OF NEW YORK.

Nos. 81, 82, 586, 587, 588.　Argued April 9, 1906.—Decided May 28, 1906.

If the state statute as construed by its highest court is valid under the Federal Constitution this court is bound by that construction.

The State of origin remains the permanent situs of personal property notwithstanding its occasional excursions to foreign parts, and a State may tax its own corporations for all their property in the State during the year even if every item should be taken into another State for a period and then brought back.

The taxation of cars under the New York franchise tax law, belonging to a

New York corporation is not. unconstitutional as depriving the owner of its property without due process of law because the cars are at times temporarily absent from the State—it appearing that no cars permanently without the State are taxed.

THE facts are stated in the opinion.

*Mr. Albert H. Harris,* with whom *Mr. Ira A. Place* and *Mr. Thomas Emery* were on the brief, for plaintiff in error:

The subject matter taxed, as herein complained of, is the use and exercise of the franchise, privilege and business of transportation of persons and commodities. Ownership or possession of the corporate franchise to be or to do, do not subject the owner or possessor to the tax.

Notwithstanding the continued existence of the corporation, and continued existence and possession of the corporate capacity, powers, faculties and franchises with which it was at its creation endowed, if none of its capital is employed within this State during the tax year, section 182 imposes no tax. *People ex rel. Singer Mfg. Co.* v. *Wemple,* 150 N. Y. 46; *People ex rel. Niagara River Hydraulic Co.* v. *Roberts,* 30 App. Div. 180, which the Court of Appeals affirmed on opinion below. 157 N. Y. 676.

Exercise of the franchise is the foundation for imposition of the tax, and the average amount of capital stock employed is the basis of computation of the tax. *People ex rel. U. V. Copper Co.* v. *Roberts,* 156 N. Y. 586; *People ex rel. Commercial Cable Co.* v. *Morgan,* 178 N. Y. 433; *People ex rel. Brooklyn R. T. Co.* v. *Morgan,* 57 App. Div. 335; aff'd 168 N. Y. 672; *People ex rel. Mutual Trust Co.* v. *Miller,* 177 N. Y. 51.

The use and exercise of the franchise, privilege or business of transportation thus taxed is that of carrying on commerce either intrastate, interstate or foreign. The general unrestricted power to contract for the transportation of persons and property, possessed by plaintiff in error, embraced the power not only to make contracts at places foreign to this State, but also to make contracts for such transportation to

and from points and via routes in foreign States and countries. Railroad Law, N. Y. § 78; *Bank of Augusta* v. *Earle,* 13 Pet. 519; *Day* v. *O. & L. C. R. R. Co.,* 107 N. Y. 129; *Matter of N. Y. L. & W. Ry. Co.,* 35 Hun, 220; *Matter of Townsend,* 39 N. Y. 171.

It is necessary to the power of taxation upon the use and exercise of a franchise, privilege or business, that such use and exercise thereof be carried on within the territorial domain of the taxing sovereignty; and that the franchise, privilege or business so there used and exercised be such as is within the organic prerogative of that sovereignty to tax the use of.

The State grants the privilege of exercising a public franchise, and, in consideration of that grant, exacts from those who accept and avail themselves thereof, payment, to be computed upon the basis of the amount of capital.

The business transacted and the functions exercised in movements of relator's cars outside of this State are primarily those commanded and compelled by the Federal Government in its power to regulate interstate commerce.

So far as such exercise of franchises affords warrant for state taxation, computed upon the basis of the capital employed therein or otherwise, and as well regarding such exercise of franchises as is involved in the portion of car movements, which is outside of this State, as also such exercise of franchises as have regard to transportation wholly outside of this State, the right and power of state taxation is exclusively that of the respective States wherein the cars are thus employed. *The Delaware Railroad Tax,* 18 Wall. 206, 232; *Erie Railroad Co.* v. *Pennsylvania,* 158 U. S. 431, 436:

Transportation between respective points one thereof within and the other without, or via routes in part within and in part without, a State, is interstate or foreign commerce. *State &c.* v. *Knight,* 192 U. S. 21.

Refusal of observance of the rule of per annum average of capital as the basis of assessment where the capital is employed in interstate commerce constitutes discrimination

prejudicial to such commerce, and is thus violative of the commerce clause and the due faith and credit clause of the Federal Constitution.

That the car mileage basis upon lines of companies within the State, and upon lines without the State, *prima facie* affords a just basis of apportionment of average total of mail, express, passenger, baggage and freight cars continuously employed by other corporations without the State, and that the road mileage operated within and without the State affords a just basis of apportionment of average total equipment continuously employed by, within and without the State, is affirmed by this court in numerous cases. *State Railroad Tax Cases,* 92 U. S. 575; *Western Union Tel. Co.* v. *Massachusetts,* 125 U. S. 530; *Pullman's Palace Car Co.* v. *Pennsylvania,* 141 U. S. 18; *Maine* v. *Grand Trunk Ry. Co.,* 142 U. S. 217; *Charlotte &c. R. R. Co.* v. *Gibbs,* 142 U. S. 386; *Columbus Southern Ry. Co.* v. *Wright,* 151 U. S. 470; *Pittsburgh &c. Ry. Co.* v. *Backus,* 154 U. S. 421; *Cleveland &c. Ry. Co.* v. *Backus,* 154 U. S. 439; *Adams Ex. Co.* v. *Ohio,* 164 U. S. 194; *S. C.,* 166 U. S. 185; *Am. Refrig. Transit Co.* v. *Hall,* 174 U. S. 70; *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194.

Taxation of or upon the exercise of the privilege of commerce conducted in another State, or computed upon the capital there so employed, whether such commerce be interstate, foreign or intrastate, transcends the jurisdiction of the taxing State, and thus takes property without due process of law, and denies full faith and credit to the public acts of such other State.

The power of taxation cannot embrace either person, property or business having their *situs* outside the taxing State. Jurisdiction of the person carrying on business or exercising privilege in the State of his domicil and in other States, cannot draw to the domiciliary State the power of taxation of business done or privilege exercised in other States.

It is requisite to due process of law that the tribunal have jurisdiction of the subject matter of such process. The taxing

authorities had jurisdiction of the person of the corporation taxed in *Phila. Steamship Co.* v. *Pennsylvania*, 122 U. S. 326; *Louisville &c. Ferry Co.* v. *Kentucky*, 188 U. S. 385; *Del., L. & W. R. Co.* v. *Pennsylvania*, 198 U. S. 341; *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194. They did not, however, have jurisdiction of the subject matter of the tax, and, therefore, the imposition of the tax was adjudged unauthorized and void.

Absence of congressional regulation of, or restraint or burden upon, interstate commerce, constitutes no warrant for state regulation, restraint or burden thereof. Upon like principle, absence of state regulation of, or restraint or burden upon, commerce local to such State, constitutes no warrant for another State to exercise extra-territorial jurisdiction, whereby to impose such regulation, restraint or burden.

The mere fact that a State grants and continues corporate life and capacity to a body corporate of its creation, constitutes no warrant for taxation by that State of such corporation's tangible property having its *situs* beyond the territorial jurisdiction of that State, or of the corporation's capital stock invested in that property, *Del., L. & W. R. Co.* v. *Pennsylvania*, 198 U. S. 341; nor for taxation of franchises owned by such corporation which were granted by authority foreign to, and have their *situs* outside of, the territorial jurisdiction of such State, *Louisville & J. Ferry Co.* v. *Kentucky*, 188 U. S. 385; nor of franchises owned by such corporation, but which were granted to it by the United States, *California* v. *Pac. R. Co.*, 127 U. S. 1; nor of cars owned in excess of the average number thereof employed in the taxing State, *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194.

The State cannot, by conferment of corporate charter powers to transact business (1) outside of its territorial domain, or, (2), of character outside the sphere of its governance, draw to itself the power of taxation upon such exercise of the charter powers conferred by it. *People ex rel. &c.* v. *Wemple*, 138 N. Y. 1; *People ex rel. &c.* v. *Roberts*, 154 N. Y. 1.

The *situs* of exercise of the franchise pertaining to transportation upon and over any railroad, is the *situs* of the railroad, and of the franchise relating thereto. The corporate franchises exercised within the State, by domestic surface steam railroad corporations, are those which the State has granted by charters authorizing the building and operation of railroads within the State.

As it is the peculiar and sole province of the United States to prescribe what burdens the exercise of the business of interstate and foreign commerce shall be subject to, so also, for like reason and upon like principle, it is the peculiar and sole province of each State to prescribe what burdens the exercise of the business of its local commerce shall be subject to.

Car movements, or the exercise of franchise thereby, cannot have an imputed *situs*. *People ex rel. Manhattan R. Co.* v. *Barker,* 152 N. Y. 417.

Taxation of exercise of franchise to do can only be imposed by the sovereignty in whose domain the work is done. *Adams Express Co.* v. *Ohio,* 165 U. S. 194; *McCulloch* v. *Maryland,* 4 Wheat. 316, 429; *State Tax on Foreign Held Bonds,* 15 Wall. 300; *Morgan* v. *Parham,* 16 Wall. 471; *Delaware Railroad Tax,* 18 Wall. 206; *Gloucester Ferry Co.* v. *Pennsylvania,* 114 U. S. 196; *Phila. Steamship Co.* v. *Pennsylvania,* 122 U. S. 326; *Erie Railroad* v. *Pennsylvania,* 153 U. S. 628; *Leloup* v. *Mobile,* 127 U. S. 640; *Postal Tel. Cable Co.* v. *Adams,* 155 U. S. 688.

What is true of the franchise in this regard is true of the lease or license under authority of which relator's cars are employed in the use of the franchise. *Louisville & Jeff. Ferry Co.* v. *Kentucky,* 188 U. S. 385.

Local commerce is subject to local tax by the State wherein it is conducted. *New York ex rel. Penn. R. R. Co.* v. *Knight,* 192 U. S. 21, aff'g 171 N. Y. 354.

The effect of the holding of the state courts, that this statute authorizes taxation to be computed upon the basis of the capital employed in and by the average number of relator's

cars operáted outside of this State, is to subject the statute to the rule announced by this court in *Wabash &c. Ry. Co.* v. *Illinois*, 118 U. S. 557.

The effect of the statute, as adjudged by the New York courts, is to tax the corporate use and exercise in other States, of the occupation, privilege, and business, of the local commerce of those States. *Louisville &c. Ferry Co.* v. *Kentucky*, 188 U. S. 385; *Delaware, L. & W. R. R. Co.* v. *Pennsylvania*, 198 U. S. 341.

*Mr. Julius M. Mayer*, Attorney General of the State of New York, with whom *Mr. Horace McGuire* was on the brief, for defendants in error:

There was no evidence before the comptroller showing that any portion of the rolling stock of the relator was exclusively and continuously without the State of New York for the year ending October 31, 1900, or any of the other years under review.

The policy of the courts has been not to disturb the findings of the assessing officers. No system of taxation can be perfect, and the courts have realized the practical difficulties with which assessing officers are so frequently confronted. The reasons which have led to a conclusion or the methods of computation have not been inquired into by appellate courts, unless that method offends some provision of the statute under consideration or of the state or Federal constitutions. *Coulter* v. *Louisville & Nashville R. R. Co.*, 196 U. S. 599, 610; *People ex rel. Metropolitan Street Ry. Co.* v. *State Board of Tax Commissioners*, 199 U. S. 1.

The statute under consideration does not offend against the commerce clause of the Federal Constitution, nor does it offend against the Fourteenth Amendment of the Federal Constitution. The term "capital stock" as used in the statute, means the property of the corporation as distinguished from its share capital. *People ex rel. Commercial Cable Co.* v. *Morgan*, 178 N. Y. 433.

As the relator did not pay six per cent upon its stock, it therefore became necessary for the comptroller to ascertain the value of the corporate property employed within the State, simply as a basis of determining the per cent of tax to be placed upon its franchise.

*People ex rel. Niagara River Hydraulic Company* v. *Roberts,* 157 N. Y. 676; *People ex rel. Fort George Realty Company* v. *Miller,* 179 N. Y. 49, and *People ex rel. Singer Mfg. Co.* v. *Wemple,* 150 N. Y. 49, have been clearly distinguished in the last word on this subject, by the Court of Appeals of New York, in *People ex rel. Wall & Hanover Street Realty Company* v. *Miller,* 181 N. Y. 328.

Although that case was decided by a bare majority of the Court of Appeals, it has been consistently followed by a unanimous court, which now regards that case as authority without further dissent in *People ex rel. Nassau Co.* v. *Miller,* 182 N. Y. 521; *People ex rel. North American Co.* v. *Miller,* 182 N. Y. 521; *People ex rel. Fourteenth St. Realty Co.* v. *Kelsey,* 110 App. Div. affirmed by Court of Appeals without opinion; *People ex rel. Hubert Apartment Association* v. *Kelsey,* 110 App. Div., affirmed by Court of Appeals without opinion.

Even if the legislature of New York determined by section 182 of the Tax Law to tax the freight cars of the relator when temporarily outside of the State, its determination to do so and to determine the *situs* of that personal property was the exercise of a legislative function with which the Federal courts will not interfere. *State Railroad Tax Cases,* 92 U. S. 575.

The mere fact that some portion of the property of a domestic corporation is employed in interstate or foreign commerce does not preclude the State from taxing such property within its borders and by proper legislative enactment to determine the *situs* of such property, provided, of course, that the rights and powers of the National Government are not interfered with. *Atlantic and Pacific Telegraph Company* v. *Philadelphia,* 190 U. S. 160; *People ex rel. P. R. R. Co.* v. *Wemple,* 138 N. Y. 1; *Pullman's Palace Car Co.* v. *Pennsylvania,* 141 U. S. 18.

There being no evidence before the comptroller upon which it could be found what the value was of the rolling stock of the relator which was claimed to be continuously employed without the State, his finding thereon is correct and was properly approved by the Appellate Division, and also by the Court of Appeals, as a finding of fact upon the evidence presented to the comptroller. *Levis* v. *Monson*, 151 U. S. 545. Such ruling presents no Federal question. This court will not interfere to review findings of fact or the conclusions of assessing officers as to the value of property sought to be assessed. *Kelly* v. *Pittsburgh*, 104 U. S. 78.

In the case of a foreign corporation the basis of taxation is the actual and tangible property which it uses continuously within the borders of the State. *New York ex rel. Pennsylvania R. R. Co.* v. *Knight*, 192 U. S. 21; *Delaware, L. & W. R. R. Co.* v. *Pennsylvania*, 198 U. S. 341. See also *Commonwealth* v. *American Dredging Co.*, 122 Pa. St. 386.

No Federal question is presented in the several cases under review. This court will not interfere with a question of fact, however erroneously it may have been determined by the trial court. In this case the trial court was the comptroller of the State; the State makes no claim to tax any of the property of the plaintiff in error which is shown to have been permanently or continuously without the State during the tax period.

The statute does not purport to take, nor has the determination of the comptroller of the State of New York taken, any of the property of the relator without due process of law.

The plaintiff in error had opportunity to be heard upon the amount of the assessment before the comptroller; the plaintiff in error had the right to a writ of certiorari to review the determination of the comptroller, and pursued that right through the courts of the State of New York.

The plaintiff in error has equal protection under the law for the reason that all corporations within the State of New York similarly situated to the plaintiff in error are required by the same section of the statute to share in the burdens of the State

to the extent of the value of the property employed by it within the State of New York.

MR. JUSTICE HOLMES delivered the opinion of the court.

These cases arise upon writs of certiorari, issued under the state law and addressed to the state comptroller for the time being, to revise taxes imposed upon the relator for the years 1900, 1901, 1902, 1903 and 1904, respectively. The tax was levied under New York Laws of 1896, c. 908, § 182, which, so far as material, is as follows: "Franchise Tax on Corporations.—Every corporation . . . incorporated . . . under . . . law in this State, shall pay to the state treasurer annually, an annual tax to be computed upon the basis of the amount of its capital stock employed within this State and upon each dollar of such amount," at a certain rate, if the dividends amount to six per cent or more upon the par value of such capital stock. "If such dividend or dividends amount to less than six per centum on the par value of the capital stock [as was the case with the relator], the tax shall be at the rate of one and one-half mills upon such portion of the capital stock at par as the amount of capital employed within this State bears to the entire capital of the corporation." It is provided further by the same section that every foreign corporation, etc., "shall pay a like tax for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this State, to be computed upon the basis of the capital employed by it within this State."

The relator is a New York corporation owning or hiring lines without as well as within the State, having arrangements with other carriers for through transportation, routing and rating, and sending its cars to points without as well as within the State, and over other lines as well as its own. The cars often are out of the relator's possession for some time, and may be transferred to many roads successively, and even may be used by other roads for their own independent business, before they

return to the relator or the State. In short, by the familiar course of railroad business a considerable proportion of the relator's cars constantly is out of the State, and on this ground the relator contended that that proportion should be deducted from its entire capital, in order to find the capital stock employed within the State. This contention the comptroller disallowed.

The writ of certiorari in the earliest case, No. 81, with the return setting forth the proceedings of the comptroller, Knight, and the evidence given before him, was heard by the Appellate Division of the Supreme Court, and a reduction of the amount of the tax was ordered. 75 App. Div. 169. On appeal the Court of Appeals ordered the proceedings to be remitted to the comptroller, to the end that further evidence might be taken upon the question whether any of the relator's rolling stock was used exclusively outside of the State, with directions that if it should be found that such was the fact the amount of the rolling stock so used should be deducted. 173 N. Y. 255. On rehearing of No. 81 and with it No. 82, before the comptroller, now Miller, no evidence was offered to prove that any of the relator's cars or engines were used continuously and exclusively outside of the State during the whole tax year. In the later cases it was admitted that no substantial amount of the equipment was so used during the similar period. But in all of them evidence was offered of the movements of particular cars, to illustrate the transfers which they went through before they returned, as has been stated, evidence of the relator's road mileage outside and inside of the State, and also evidence of the car mileage outside and inside of the State, in order to show, on one footing or the other, that a certain proportion of cars, although not the same cars, was continuously without the State during the whole tax year. The comptroller refused to make any reduction of the tax, and the case being taken up again, his refusal was affirmed by the Appellate Division of the Supreme Court and by the Court of Appeals on the authority of the former decision. 89 App. Div. 127; 177 N. Y. 584.

The later cases took substantially the same course. The relator saved the questions whether the statute as construed was not contrary to Article 1, § 8, of the Constitution of the United States, as to commerce among the States; Article 1, § 10, against impairing the obligation of contracts; Article 4, § 1, as to giving full faith and credit to the public acts of other States; and the Fourteenth Amendment. It took out writs of error and brought the cases here.

The argument for the relator had woven through it suggestions which only tended to show that the construction of the New York statute by the Court of Appeals was wrong. Of course if the statute as construed is valid under the Constitution, we are bound by the construction given to it by the state court. In this case we are to assume that the statute purports and intends to allow no deduction from the capital stock taken as the basis of the tax, unless some specific portion of the corporate property is outside of the State during the whole tax year. We must assume, further, that no part of the corporate property in question was outside of the State during the whole tax year. The proposition really was conceded, as we have said, and the evidence that was offered had no tendency to prove the contrary. If we are to suppose that the reports offered in evidence were accepted as competent to establish the facts which they set forth, still it would be going a very great way to infer from car mileage the average number or proportion of cars absent from the State. For, as was said by a witness, the reports show only that the cars made so many miles, but it might be ten or it might be fifty cars that made them. Certainly no inference whatever could be drawn that the same cars were absent from the State all the time.

In view of what we have said it is questionable whether the relator has offered evidence enough to open the constitutional objections urged against the tax. But as it cannot be doubted, in view of the well known course of railroad business, that some considerable proportion of the relator's cars always is absent from the State, it would be unsatisfactory to turn the

case off with a merely technical answer, and we proceed. The most salient points of the relator's argument are as follows: This tax is not a tax on the franchise to be a corporation, but a tax on the use and exercise of the franchise of transportation. The use of this or any other franchise outside the State cannot be taxed by New York. The car mileage within the State and that upon other lines without the State affords a basis of apportionment of the average total of cars continuously employed by other corporations without the State, and the relator's road mileage within and without the State affords a basis of apportionment of its average total equipment continuously employed by it respectively within and without the State. To tax on the total value within and without is beyond the jurisdiction of the State, a taking of property without due process of law, and an unconstitutional interference with commerce among the States.

A part of this argument we have answered already. But we must go further. We are not curious to inquire exactly what kind of a tax this is to be called. If it can be sustained by the name given to it by the local courts it must be sustained by us. It is called a franchise tax in the act, but it is a franchise tax measured by property. A tax very like the present was treated as a tax on the property of the corporation in *Delaware, Lackawanna & Western R. R.* v. *Pennsylvania*, 198 U. S. 341, 353. This seems to be regarded as such a tax by the Court of Appeals in this case. See *People* v. *Morgan*, 178 N. Y. 433, 439. If it is a tax on any franchise which the State of New York gave, and the same State could take away, it stands at least no worse. The relator's argument assumes that it must be regarded as a tax of a particular kind, in order to invalidate it, although it might be valid if regarded as the state court regards it.

Suppose, then, that the State of New York had taxed the property directly, there was nothing to hinder its taxing the whole of it. It is true that it has been decided that property, even of a domestic corporation, cannot be taxed if it is perma-

nently out of the State. *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, 201, 211; *Delaware, Lackawanna & Western R. R.* v. *Pennsylvania,* 198 U. S. 341; *Louisville & Jeffersonville Ferry Co.* v. *Kentucky,* 188 U. S. 385. But it has not been decided, and it could not be decided, that a State may not tax its own corporations for all their property within the State during the tax year, even if every item of that property should be taken successively into another State for a day, a week, or six months, and then brought back. Using the language of domicil, which now so frequently is applied to inanimate things, the state of origin remains the permanent situs of the property, notwithstanding its occasional excursions to foreign parts. *Ayer & Lord Tie Co.* v. *Kentucky,* May 21, 1906, *ante* p. 409. See also *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, 208, 209.

It was suggested that this case is but the complement of *Pullman's Palace Car Co.* v. *Pennsylvania,* 141 U. S. 18, and that as there a tax upon a foreign corporation was sustained, levied on such proportion of its capital stock as the miles of track over which its cars were run within the State bore to the whole number of miles over which its cars were run, so here in the domicil of such a corporation there should be an exemption corresponding to the tax held to be lawfully levied elsewhere. But in that case it was found that the "cars used in this State have, during all the time for which tax is charged, been running into, through and out of the State." The same cars were continuously receiving the protection of the State and, therefore, it was just that the State should tax a proportion of them. Whether if the same amount of protection had been received in respect of constantly changing cars the same principle would have applied was not decided, and it is not necessary to decide now. In the present case, however, it does not appear that any specific cars or any average of cars was so continuously in any other State as to be taxable there. The absences relied on were not in the course of travel upon fixed routes but random excursions of casually chosen cars, determined by the

varying orders of particular shippers and the arbitrary conven-
ience of other roads. Therefore we need not consider either
whether there is any necessary parallelism between liability
elsewhere and immunity at home.

*Judgments affirmed.*