## SMOOT SAND & GRAVEL CORPORATION v. DISTRICT OF COLUMBIA.

### No. 9827.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 11, 1949.

Decided March 28, 1949.

Writ of Certiorari Denied June 20, 1949.

See 69 S.Ct. 1515.

Mr. David R. Shelton, of Washington, D. C., for petitioner.

Mr. George C. Updegraff, Assistant Corporation Counsel, D. C., of Washington, D. C., with whom Mr. Vernon E. West, Corporation Counsel, D. C., and Mr. Chester H. Gray, Principal Assistant Corporation Counsel, D. C., both of Washington, D. C., were on the brief, for respondent.

Before EDGERTON, PRETTYMAN, and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This case concerns a District of Columbia property tax on tangible personalty.[1] It comes to us upon petition to review a decision of the Board of Tax Appeals for the District of Columbia.[2]

The Board found the following pertinent facts:

The property consists of tugs, scows and launches. They are used for the transportation of sand and gravel from deposits in Virginia and Maryland to storage places in the District of Columbia and thereafter to points of delivery on the Potomac River and the Chesapeake Bay in Maryland and Virginia. They come into the District from the places of deposit on an average of once a day but spend more time out of the District than in the District. The scows were not licensed or enrolled anywhere. The other vessels were licensed and enrolled at the port of Alexandria, Virginia.

Petitioner corporation is domiciled in Delaware. Its commercial office is in the District of Columbia. Its business is production and sale. Its production occurs in Virginia and Maryland. Its commercial transactions center in the District.

---

[1] 44 Stat. 833 (1926), D.C.Code § 47—1202 (1940).

[2] 52 Stat. 371 (1938), D.C.Code § 47—2404 (1940).

Its deliveries are made in the District, in Maryland, and in Virginia. Its tugs and scows are used exclusively in interstate commerce.

The question is whether the District of Columbia can levy its property tax upon the full value of these tugs and scows. For many years they have been taxed upon an apportionment of their value based upon use inside and use outside the District.

■ This is tangible property. Cases such as Wheeling Steel Corp. v. Fox [3] and Md. & Va. Milk Producers' Ass'n v. District of Columbia [4] dealt with intangible property. The Supreme Court has made it clear, from the earliest cases down to the Northwest Airlines case, [5] that the taxable situs of intangibles is a different problem from the taxable situs of tangibles. [6] Intangibles may be taxed at the domicile of the owner or at the owner's "commercial domicile". [7] But the doctrine of "commercial domicile" applicable to intangibles has never been applied to tangibles.

■ The District is not the domicile of this petitioner. The taxing power of the domiciliary state is upon a different basis from the power of any other state in respect to tangibles. The Supreme Court held, in the Northwest Airlines case, supra, that this different taxing power was sufficient to permit the domiciliary state to tax all the taxpayer's tangibles where that state was in fact the home state of the property. The four dissenting justices were of opinion that not even this difference was sufficient to permit the domi-

ciliary state to tax the whole of the tangibles. Both the majority and the minority of the justices made clear that the case concerned the power of the domiciliary state, and nothing else.

■ Cases, originating with New York Central & Hudson River R. R. v. Miller, [8] have dealt with tangible property which acquired a permanent situs elsewhere than in the state of domicile. If property is located within one state throughout a taxable year, it can be taxed in that state. But the doctrine of "permanent situs" does not apply to tangibles which are in one state only part of the time, particularly where they are in the taxing state a minority of the time.

■ If tangible property moves in interstate commerce and is in one state part of the time and in other states (none being the state of domicile) part of the time, it cannot be constitutionally taxed at full value in any one of those states. In order to be constitutional, a property tax on such tangibles must be apportioned upon some fair basis. This has been the consistent holding of the Supreme Court. [9] Ott v. Mississippi Valley Barge Line Co. [10] dealt with the problem, recited the applicable rules, and cited the pertinent cases.

We conclude that the District of Columbia could constitutionally tax these tangibles, used exclusively in interstate commerce, upon a fair apportionment of value, but could not constitutionally tax them at full value. The decision of the Board of Tax Appeals must, therefore, be and it is

Reversed.

[3] 1936, 298 U.S. 193, 56 S.Ct. 773, 80 L.Ed. 1143.

[4] 1941, 73 App.D.C. 399, 119 F.2d 787.

[5] Northwest Airlines v. Minnesota, 1944, 322 U.S. 292, 64 S.Ct. 950, 88 L.Ed. 1283, 153 A.L.R. 245.

[6] Greenough v. Tax Assessors, 1947, 331 U.S. 486, 67 S.Ct. 1400, 91 L.Ed. 1621; Curry v. McCanless, 1939, 307 U.S. 357, 59 S.Ct. 900, 83 L.Ed. 1339; First Bank Corp. v. Minnesota, 1937, 301 U.S. 234, 57 S.Ct. 677, 81 L.Ed. 1061, 113 A.L.R. 228.

[7] First Bank Corp. v. Minnesota, supra note 6; Wheeling Steel Corp. v. Fox,

supra; Md. & Va. Milk Producers' Ass'n v. District of Columbia, supra.

[8] 1906, 202 U.S. 584, 26 S.Ct. 714, 50 L.Ed. 1155.

[9] Pullman Car Co. v. Pennsylvania, 1891, 141 U.S. 18, 11 S.Ct. 876, 35 L.Ed. 613; Union Refrigerator Transit Co. v. Kentucky, 1905, 199 U.S. 194, 26 S.Ct. 36, 50 L.Ed. 150, 4 Ann.Cas. 493; Johnson Oil Co. v. Oklahoma, 1933, 290 U.S. 158, 54 S.Ct. 152, 78 L.Ed. 238; Northwest Airlines v. Minnesota, supra.

[10] 336 U.S. 169, 69 S.Ct. 432, 93 L.Ed.