**STANDARD OIL CO. v. PECK, Tax Commr. et al.**

Supreme Court of the United States.

No. 184. Decided February 4, 1952.

Isadore Grossman, Rufus S. Day, Jr., Cleveland, for appellant.

Isadore Topper, Columbus, for appellees.

## OPINION

By MR. JUSTICE DOUGLAS:

Appellant, an Ohio corporation, owns boats and barges which it employs for the transportation of oil along the Mississippi and Ohio Rivers. The vessels neither pick up oil nor discharge it in Ohio. The main terminals are in Tennessee, Indiana, Kentucky, and Louisana. The maximum river mileage traversed by the boats and barges on any trip through waters bordering Ohio was 17½ miles. These 17½ miles were in the section of the Ohio River which had to be traversed to reach Bromley, Kentucky. While this stretch of water bordered Ohio, it was not necessarily within Ohio. The vessels were registered in Cincinnati, Ohio, but only stopped in Ohio for occasional fuel or repairs. These stops were made at Cincinnati; but none of them involved loading or unloading cargo.

The Tax Commissioner of Ohio, acting under §§5325 and 5328 GC, levied an ad valorem personal property tax on all of these vessels. The Board of Tax Appeals affirmed (with an exception not material here), and the Supreme Court of Ohio sustained the Board, **155 Oh St, 61, 44 O. O. 86,** 98 N. E. 2d, 8, over the objection that the tax violated the Due Process Clause of the Fourteenth Amendment. The case is here on appeal. 28 U. S. C., Section 1257 (2), 28 U. S. C. A. Section 1257 (2).

Under the earlier view governing the taxability of vessels moving in the inland waters, City of St. Louis v. Wiggins Ferry Co., 11 Wall. 423, 20 L. Ed. 192; Ayer & Lord Tie Co. v. Kentucky, 202 U. S. 409, 26 S. Ct. 679, 50 L. Ed. 1082: Cf. Old Dominion S. S. Co. v. Commonwealth of Virginia, 198 U. S. 299, 25 S. Ct. 686, 49 L. Ed. 1059, Ohio, the state of the domicile, would have a strong claim to the whole of the tax that has been levied. But the rationale of those cases was rejected in Ott v. Mississippi Barge Line, 336 U. S. 169, 69 S. Ct. 432, 93 L. Ed. 585, where we held that vessels moving in interstate operations along the inland waters were taxable by the same standards as those which Pullman's Palace Car Co. v. Commonwealth of Pennsylvania, 141 U. S. 18, 11 S. Ct. 876, 35 L. Ed. 613, first applied to railroad cars in interstate commerce. The formula approved was one which fairly apportioned the tax to the commerce carried on within the state. In that way we placed inland water transportation on the same constitutional footing as other interstate enterprises.

The Ott case involved a tax by Louisiana on vessels of a foreign corporation operating in Louisiana waters. Louisiana sought to tax only that portion of the value of the vessels represented by the ratio between the total number of miles in Louisiana and the total number of miles in the entire

operation. The present case is sought to be distinguished on the ground that Ohio is the domiciliary state and therefore may tax the whole value even though the boats and barges operate outside Ohio. New York Central & H. R. R. Co. v. Miller, 202 U. S. 584, 26 S. Ct. 714, 50 L. Ed. 1155, sustained a tax by the domiciliary state on all the rolling stock of a railroad. But in that case it did not appear that "any specific cars or any average of cars" was so continuously in another state as to be taxable there. 202 U. S. at page 597, 26 S. Ct. at page 717. Northwest Airlines, Inc. v. State of Minnesota, 322 U. S. 292, 64 S. Ct. 950, 88 L. Ed. 1283, allowed the domiciliary state to tax the entire fleet of airplanes operating interstate; but in that case, as in the Miller case, it was not shown that "a defined part of the domiciliary corpus" had acquired a taxable situs elsewhere. 322 U. S. at page 295, 64 S. Ct. at page 952, 88 L. Ed. 1283. Those cases, though exceptional on their facts, illustrate the reach of the taxing power of the state of the domicile as contrasted to that of the other states. But they have no application here since most, if not all, of the barges and boats which Ohio has taxed were almost continuously outside Ohio during the taxable year. No one vessel may have been continuously in another state during the taxable year. But we do know that most, if not all, of them were operating in other waters and therefore under Ott v. Mississippi Barge Line, supra, could be taxed by the several states on an apportionment basis. The rule which permits taxation by two or more states on an apportionment basis precludes taxation of all of the property by the state of the domicile. See Union Refrigerator Transit Co. v. Commonwealth of Kentucky, 199 U. S. 194, 26 S. Ct. 36, 50 L. Ed 150. Otherwise there would be multiple taxation of interstate operations and the tax would have no relation to the opportunities, benefits, or protection which the taxing state gives those operations.

Reversed.

MR. JUSTICE BLACK dissents.

MR. JUSTICE MINTON, dissenting.

I assume for the purposes of this dissent that none of the vessels in question were within Ohio during the tax year, and that, they were taxed to their full value by Ohio. The record shows that the vessels were all registered in Cincinnati, Ohio, as the home port, and that Ohio is the domicile of the owner. Ohio claims the right to tax these vessels because they have not acquired a tax situs elsewhere than their home port and domicile.

Seagoing vessels have always been taxable at the domicile of the owner. Southern Pacific Co. v. Commonwealth of Kentucky, 222 U. S. 63, 32 S. Ct. 13, 56 L. Ed. 96; Morgan v. Parham, 16 Wall. 471, 21 L. Ed. 302; Hays v. Pacific Mail S. S. Co., 17 How. 596, 15 L. Ed. 254  This same rule has been applied to vessels engaged in commerce between the different states. Transportation Co. v. Wheeling, 99 U. S. 273, 25 L. Ed. 412; City of St. Louis v. Wiggins Ferry Co., 11 Wall. 423, 20 L. Ed. 192. The only exception to the rule until today was that where vessels **had acquired** a situs for taxation in some other state, that other state might tax them. Old Dominion S. S. Co. v. Commonwealth of Virginia, 198 U. S. 299, 25 S. Ct. 686, 49 L. Ed. 1059. In Ayers & Lord Tie Co. v. Commonwealth of Kentucky, 202 U. S. 409, 421, 26 S. Ct. 679, 682, 50 L. Ed. 1082, this Court said: "The general rule has long been settled as to vessels plying between the ports of different states, engaged in the coastwise trade, that the domicil of the owner is the situs of a vessel for the purpose of taxation, wholly irrespective of the place of enrollment, subject, however, to the exception that where a vessel engaged in interstate commerce has acquired an actual situs in a state other than the place of the domicil of the owner, it may there be taxed because within the jurisdiction of the taxing authority."

In the case at hand, the vessels **had not acquired** a situs for taxation in any other state. They were at large in the Ohio and Mississippi Rivers, touching ports therein from time to time. There was no showing as to how much time any of the vessels spent in any state. Indeed, the time spent in any state by the vessels plying the Mississippi River could not be shown with any accuracy, as the states on each side own to the middle of the stream[1]. The navigation channel might be on either side of the center line or right on the center line. Who is to say what state the vessels were in?

The doctrine of appointment applied in Ott v. Mississippi Valley Barge Line Co., 336 U. S. 169, 69 S. Ct. 432, 93 L. Ed. 585, is not in point. In that case the domiciliary state had not sought to tax the vessels. The tax was approved in the **Ott** case only on the assurance of the Louisiana Attorney General that the taxing statute "was intended to cover and actually covers here, an average portion of property permanently within the State—and by permanently is meant throughout the taxing year." Id., 336 U. S. at 175, 69 S. Ct. at page 435. Without such assurance there would have been no basis for apply-

---

1. Douglas Boundaries, Areas, Geographic Centers, and Altitudes of the United States and the Several States, 2d Ed. (U. S. Dept. of Interior, Geological Survey Bull. 817).

ing the apportionment rule. New York Central & H. R. R. Co. v. Miller, 202 U. S. 584, 26 S. Ct. 714, 50 L. Ed. 1155; Pullman's Palace Car Co. v. Commonwealth of Pennsylvania, 141 U. S. 18, 26, 11 S. Ct. 876, 879, 35 L. Ed. 613; Union Refrigerator Transit Co. v. Commonwealth of Kentucky, 199 U. S. 194, 206, 26 S. Ct. 36, 38, 50 L. Ed. 150.

The record in this case is silent as to whether any proportion of the vessels were in any one state for the whole of a taxable year. The record does show that no other state collected taxes on the vessels for the years in question or any other year. Until this case, it has not been the law that the state of the owner's domicile is prohibited from taxing under such circumstances.

Southern Pacific Co. v. Kentucky, supra, is a case in point. There the owner of the vessels was a Kentucky corporation which operated between various coastal ports. None of the vessels were ever near Kentucky, but Kentucky was allowed to tax them because it was the state of the owner's domicile. The vessels were in and out of other states' ports, just as the instant vessels were in and out of other states' ports; but the mere possibility that some other state might attempt to levy an apportioned tax on the vessels was not permitted to destroy Kentucky's power to tax. The crucial fact was that the vessels were not shown to have acquired a tax situs elsewhere.

As recently as 1944 this Court would seem to have added vitality to the doctrine which should govern this case. Minnesota had taxed an airline on the full value of its airplanes, including those used in interstate commerce. Northwest Airlines v. State of Minnesota, 322 U. S. 292, 64 S. Ct. 950, 88 L. Ed. 1283. In upholding the tax, this Court said:

"The fact that Northwest paid personal property taxes for the year 1939 upon 'some proportion of its full value' of its airplane fleet in some other States does not abridge the power of taxation of Minnesota as the home State of the fleet in the circumstances of the present case. The taxability of any part of this fleet by any other State than Minnesota, in view of the taxability of the entire fleet by that State, is not now before us. It *.* * is not shown here that a defined part of the domiciliary corpus has acquired a permanent location, i. e., a taxing situs, elsewhere." 322 U. S. at page 295, 64 S. Ct. at page 952. The fear of "double taxation" was much more real in that case than in the instant case; yet the Minnesota tax was sustained because there was no showing that a taxing situs had been acquired elsewhere. The question of what some other state might do is no more before the Court in this case than it was in the Northwest case.

The majority today seeks to distinguish the earlier cases by magnifying the relevance of the continuous absence of the vessels from the domiciliary state. But the operative fact of the earlier cases was the absence or presence of another taxing situs. Where no other taxing situs was shown to exist, the state of the domicile was permitted to tax, irrespective of the amount of time the vessels were present in that state. Southern Pacific Co. v. Commonwealth of Kentucky, supra.

As it is admittedly not shown on this record that these vessels have acquired a tax situs elsewhere, Ohio should be permitted to tax them as the state of the owner's domicile. I would affirm.