**UPPER MISSOURI RIVER CORPORA-TION, Appellee,**

v.

**BOARD OF REVIEW, WOODBURY COUNTY, Appellant.**

**No. 55774.**

Supreme Court of Iowa.

Sept. 19, 1973.

Rehearing Denied Nov. 9, 1973.

Zigmund Chwirka, Woodbury Co. Atty., Edward F. O'Brien and Paul W. Deck, Jr., Asst. Woodbury Co. Attys., for appellant.

O'Brien, Galvin & O'Brien, Sioux City, for appellee.

Heard before MOORE, C. J., and MASON, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

Plaintiff, an Iowa corporation, has its principal place of business in Salix, Woodbury County, Iowa. It owns a towboat

built in Woodbury County and launched in the Missouri River in November 1969. This vessel is leased to a Minneapolis grain company. The lessee dispatches it to various inland waters, including the Mississippi River as it bounds Iowa, but the boat has never returned to Iowa. At all times it has been employed in interstate commerce.

On January 1, 1970 this vessel was operating on the Tennessee River. The Woodbury County Board of Review, taxing the towboat as personal property for the year 1970, valued it at $307,800 and fixed the 27 percent assessed value at $83,106. Plaintiff concedes it has never been assessed for tax purposes by a political division of any other state.

Plaintiff appealed to Woodbury District Court [see § 441.38, The Code], asserting the assessment violated the Commerce Clause of the United States Constitution and the Due Process Clause, Amendment 14, United States Constitution. On the same grounds plaintiff challenged the constitutionality of § 427.13(8), The Code, as applied to reach a vessel engaged in interstate commerce:

> "427.13 *What taxable.* All other property, real or personal, is subject to taxation in the manner prescribed, and this section is also intended to embrace:
>
> \* \* \* \* \* \*
>
> "(8) Boats and vessels of every description, wherever registered or licensed, and whether navigating the waters of the state or not, if owned either wholly or in part by inhabitants of this state, to the amount owned in this state."
>
> \* \* \* \* \* \*

The district court declared this statute unconstitutional as a basis for taxation of vessels in interstate commerce, and nullified the tax levied against the towboat. We reverse.

I. Plaintiff failed to file a brief until shortly before submission. It was months late under our rules. The Board moved to strike the brief and assess the costs to plaintiff. We limited plaintiff to a short reply on oral submission and indicated the motion would be decided with the case. Under the holding we now reach, the matter is moot.

II. Confronting us is the issue of a domiciliary state's power to tax a vessel engaged in ·interstate commerce where there is no proof it has a taxable situs elsewhere. A subsumed question is, who has the burden to show another tax situs?

■ The facts of this case set out above are virtually undisputed. Our review is de novo. Chicago and Northwestern Ry. Co. v. Webster City, 256 Iowa 201, 127 N.W.2d 115 (1964); § 441.39, The Code; rule 334, Rules of Civil Procedure.

District court's ruling relies extensively on Ott v. Mississippi Valley Barge Line Co., 336 U.S. 169, 69 S.Ct. 432, 93 L.Ed. 585 (1949). That case, however, did not present an attempt to tax by a domiciliary state. The Supreme Court said barges operating on fixed routes in Louisiana (neither the state of incorporation nor of the principal place of business) could be taxed by Louisiana on a ratio fairly apportioned to the amount of commerce conducted in that state. Ott held the barges in question might acquire a tax situs in Louisiana. The decision is helpful here only because it applied rules relating to railroad rolling stock [laid down in Pullman's Palace-Car Co. v. Pennsylvania, 141 U.S. 18, 11 S.Ct. 876, 35 L.Ed. 613 (1891)] to inland water vessels.

More pertinent to plaintiff's contentions is Standard Oil Co. v. Peck, 342 U.S. 382, 72 S.Ct. 309, 96 L.Ed. 427, 26 A.L.R.2d 1371 (1952). There Ohio, the domiciliary state, was prevented from taxing boats and barges which were seldom within its jurisdiction. Significant, however, is the following language from that decision, 342 U.S. at 384, 72 S.Ct. at 310, 96 L.Ed. at 430:

> " \* \* \* The present case is sought to be distinguished [from Ott, supra] on the ground that Ohio is the domiciliary state and therefore may tax the whole value even though the boats and barges

operate outside Ohio. New York Central & H. R. Co. v. Miller, 202 U.S. 584, 26 S.Ct. 714, 50 L.Ed. 1155, sustained a tax by the domiciliary state on all the rolling stock of a railroad. But in that case it did not appear that 'any specific cars or any average of cars' was so continuously in another state as to be taxable there. P. 597, 26 S.Ct. 714. Northwest Airlines, Inc. v. Minnesota, 322 U.S. 292, 64 S.Ct. 950, 88 L.Ed. 1283, allowed the domiciliary state to tax the entire fleet of airplanes operating interstate; but in that case, as in the Miller case, it was not shown that 'a defined part of the domiciliary corpus' had acquired a taxable situs elsewhere. * * * "

■ Plaintiff overlooked the import of the quoted portion of Standard Oil Co. v. Peck. The corollary rule to be drawn is, the domiciliary state may tax unless the record shows there is a tax situs elsewhere.

This rule was articulated beyond dispute in a subsequent decision, Central R. Co. v. Pennsylvania, 370 U.S. 607, 82 S.Ct. 1297, 8 L.Ed.2d 720 (1962). Apparently this decision was never cited to the district court by either party. Since *Ott,* it is of no significance that it pertains to railroad rolling stock and not inland water vessels. The following portions of *Central R. Co.,* 370 U.S. at 611–613, 82 S.Ct. at 1301–1302, 8 L.Ed.2d at 725, control the issues in this case:

" * * * This Court has consistently held that the State of domicile retains jurisdiction to tax tangible personal property which has 'not acquired an actual situs elsewhere.' Johnson Oil Refining Co. v. Oklahoma, 290 U.S. 158, 161, 54 S.Ct. 152, 78 L.Ed. 238.

\* \* \* \* \* \*

"It is only 'multiple taxation of interstate operations,' Standard Oil Co. v. Peck * * * that offends the Commerce Clause. And obviously multiple taxation is possible only if there exists

some jurisdiction, in addition to the domicile of the taxpayer, which may constitutionally impose an ad valorem tax.

"Nor does the Due Process Clause confine the domiciliary State's taxing power to such proportion of the value of the property being taxed as is equal to the fraction of the tax year which the property spends within the State's borders. * * * If such property has had insufficient contact with States other than the owner's domicile to render any one of these jurisdictions a 'tax situs,' it is surely appropriate to presume that the domicile is the only State affording the 'opportunities, benefits, or protection' which due process demands as a prerequisite for taxation. * * *

"Accordingly, the burden is on the taxpayer who contends that some portion of its total assets are beyond the reach of the taxing power of its domicile to prove that the same property may be similarly taxed in another jurisdiction. * * *"

■ Plaintiff has not carried the burden imposed upon it to show a taxable situs for this vessel in any other jurisdiction or jurisdictions. In order to meet this burden, plaintiff is required to show either the vessel is habitually present in some particular state other than Iowa, or it maintains a fixed and regular route through a particular nondomiciliary state which could constitutionally impose an apportioned ad valorem tax. Central R. Co. v. Pennsylvania, supra; see New York Central & H. Railroad Co. v. Miller, 202 U.S. 584, 26 S.Ct. 714, 50 L.Ed. 1155 (1906); Ace Construction Co. v. Board of Equalization, 169 Neb. 77, 98 N.W.2d 367 (1959). The evidence which would bear on this issue leads to the opposite conclusion. Therefore, Iowa, the domiciliary state, may tax plaintiff's towboat.

■ As to this plaintiff, § 427.13(8), The Code, is constitutional. Assuming without deciding it might infringe constitutional rights in other situations will not

avail plaintiff. Generally, one attacking the constitutionality of a statute is not the champion of any rights except his own. McGowan v. Maryland, 36 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); Heald v. District of Columbia, 259 U.S. 114, 42 S. Ct. 434, 66 L.Ed. 852 (1922); Browneller v. Natural Gas Pipeline Co., 233 Iowa 686, 8 N.W.2d 474 (1943); 16 Am.Jur.2d, Constitutional Law § 122, pp. 316–318.

Our holding does not mean plaintiff's property will be taxed twice. But not to subject property to taxation which has no tax situs other than the owner's domiciliary state would free such floating property from taxation everywhere. Neither the Commerce Clause nor Amendment 14 affords such constitutional immunity. Northwest Airlines v. Minnesota, 322 U.S. 292, 300, 64 S.Ct. 950, 955, 88 L.Ed. 1283, 1289, 153 A.L.R. 245, 249–250 (1944).

The district court's decision is reversed and remanded for further proceedings in conformance herewith.

Reversed and remanded.