Gibson, J.
The first question in this case is whether for the purposes of the Ohio dealer-in-intangibles tax the capital employed in this state by an Ohio corporation, which acts prin *241 eipally as such a dealer and maintains separate offices within and without this state, is to be determined by ascertaining the ratio of corporate assets within and without the state or by ascertaining the ratio that gross receipts from the corporation’s small-loan business in Ohio bears to the entire gross receipts from its small-loan business. The answer to this question is to be found by reading Sections 5725.01 (B) and 5725.13 et seq., Revised Code.
There being no question that appellant is a dealer in intangibles, principally engaged in the business of lending money or discounting loans, and that it maintains separate offices within and without this state, we turn to a consideration of the statutory provisions imposing the property tax. Section 5725.13 provides that the “fair value” of the shares of shareholders of a dealer in intangibles having an actual place of business in this state shall be taxed “to the extent represented by capital employed in this state.” Section 5725.15 provides that, unless, the book value of the capital is greater or less than the fair value of such capital at the time of assessment, the aggregate book value of the capital, surplus, and undivided profits of a dealer shall be the fair value for such purpose.
Having prescribed a method of ascertaining the fair value of the dealer’s capital, Section 5725.15 then sets forth a method of allocating such capital to Ohio for tax purposes. The section provides that, where the dealer has separate offices within and without this state, the amount of capital employed in Ohio shall bear the same ratio to the entire capital of the corporation, wherever employed, as the gross receipts of the Ohio office or offices bear to the entire gross receipts of such dealer, wherever arising. Section 5725.14 defines “gross receipts”, for the purpose of allocation in the case of a dealer engaged principally in the business of lending money or discounting loans, as the aggregate amounts of loans effected or discounted.
By reading Sections 5725.13, 5725.14 and 5725.15 in pari materia, it is clear that the tax on the shares of shareholders of a dealer in intangibles is assessed at the fair value of the capital employed in this state, allocated on the basis of the ratio of the gross receipts of the Ohio office or offices from consumer financing to the entire gross receipts from the dealer’s *242 small-loan and consumer1 finance business. Tbe appellant itself so interpreted the law until it filed its 1960 and 1961 dealer-in-intangibles returns following tbe acquisition of some substantial out-of-state properties. In our opinion tbe Tax Commissioner bas correctly assessed tbe tax under tbe terms of tbe statutes.
Appellant argues that the word “capital” appearing in the phrase “capital employed in this state”, as used in those sections, should be given the commonly understood meaning of “total resources” or “actual property or estate” and therefore shall be allocated on the basis of tbe situs of such resources or assets. In our opinion, the word “capital” as used in this statute is not subject to judicial interpretation, its meaning having been expressly set forth in Section 5725.15, which requires capital to be measured by the gross receipts from tbe small-loan business of the appellant.
Tbe next question in tbis case is whether tbe method of taxation promulgated by Sections 5725.13, 5725.14, and 5725.15, Revised Code, contravenes tbe Constitution of tbe United States and, therefore, should be declared null and void. Appellant contends that tbe tax as applied here violates due process and is a direct burden upon interstate commerce.
With respect to due process, appellant asserts that the tax as applied here is invalid because it bears no relation to the opportunities, benefits, or protection which Ohio must give this intangible property, and cites Standard Oil Co. v. Peck, Tax Commr. (1952), 342 U. S., 382, and Union Refrigerator Transit Co. v. Kentucky (1905), 199 U. S., 194. The value of this intangible property, i. e., shares of stock, depends upon the business of the company. The share of stock in and of itself has no intrinsic value. Thus, it is not the protection afforded the certificates but the benefits resulting from the protection and services rendered to the business or source of value which determines benefits for the purpose of due process.
Appellant is an Ohio corporation although it bas properties in other states. As a small-loan company it is licensed and regulated by Ohio laws. Without such a license it would be unable to engage in tbe small-loan and consumer finance business in Ohio. Tbe Ohio small-loan license law protects appel *243 Jant against unregulated competition. Appellant also has available to it the processes of the state courts in enforcing its legal rights. Being an Ohio corporation with its principal offices in this state, appellant receives benefits of police and fire protection and many other advantages, which it would seen! unnecessary further to outline here. Obviously the advantages of these services inure to the benefit of all of appellant’s shareholders regardless of where they may reside.
Even though there undoubtedly are other formulae which the General Assembly could have used for allocating capital employed in Ohio, in our opinion all of appellant’s shareholders, wherever they may be domiciled, do enjoy the benefits and protection of Ohio laws. We can not say that the method of allocation prescribed by the General Assembly is unreasonable. We can conclude only that the tax imposed does not violate the due process clause of the Fourteenth Amendment to the Constitution of the United States.
With respect to whether the tax is a direct burden upon interstate commerce, appellant points to Northwestern States Portland Cement Co. v. Minnesota (1959), 358 U. S., 450, where an annual tax upon the taxable net income of domestic and foreign corporations was sustained. Appellant makes much of the fact that Minnesota used three ratios in determining the proportion of net income taxable, viz., (1) sales assignable to Minnesota in relation to total sales, (2) tangible property in Minnesota in relation to total tangible property, and (3) Minnesota payroll in relation to taxpayer’s total payroll. However, appellant does not insist upon a three-factor ratio. In fact, it argues for a one-factor ratio and insists that the one-factor ratio should be based on the location or situs of assets. Appellant now prefers this ratio since it has acquired substantial out-of-state assets, whereas on its 1959 and earlier returns it acquiesced, at least, in the gross-receipts ratio which it now claims is unconstitutional. A remark of Mr. Justice Clark in his opinion in Portland Cement Co., which is particularly pertinent, appears at page 461 where he said:
“ * * * While it is true that a state may not erect a wall around its borders preventing commerce an entry, it is axiomatic that the founders did not intend to immunize such com *244 merce from carrying its fair share of the costs of the state government in return for the benefits it derives from within the state. * * *”
In Ford Motor Co. v. Beauchamp, Secy. of State (1939), 308 U. S., 331, a Texas corporate franchise tax measured by the ratio the gross receipts of the company’s Texas business bore to its total gross receipts was upheld against a claim of undue burden on interstate commerce. The court noted that in a unitary enterprise, as existed there and exists here, property outside the state, when correlated in use with property within the state, necessarily affects the worth of the privilege of engaging in interstate business. There is no basis for concluding that the tax imposed by Ohio statute, which requires capital employed in Ohio to be allocated on the basis of a gross-receipts ratio, unreasonably burdens interstate commerce.
Appellant shows that it pays taxes in other states, but there is no evidence as to how these taxes are measured or what formulae are used. In our opinion, there is no evidence to show that Ohio is taxing more than its fair share of the “capital employed in this state” by the appellant.
The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

Decision affirmed.

Taft, O. J., Zimmerman, Matthias, O’Neill, Griffith and Herbert, JJ., concur.