ALBERT H. SCHENEMAN *v.* STATE BOARD OF TAX COMMISSIONERS; ALVIN E. STUCKI, ASSESSOR, CENTER TOWNSHIP, VANDERBURGH COUNTY, INDIANA.

[No. 1-375A41. Filed January 29, 1976.]

*Daniel F. Hewins, Iglehart, Hewins & Songer,* of *Evansville,* for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen R. Buschmann,* Deputy Attorney General, for appellee.

LYBROOK, J.—Plaintiff-appellant Albert H. Scheneman initiated this action seeking review of defendant-appellee State Board of Tax Commissioners' tangible property tax assessment of certain motor vehicles owned by Scheneman and leased to R. L. Jeffries Trucking Co., Inc., an interstate carrier, for purposes of transporting goods in interstate commerce. From the entry of summary judgment in favor of defendant Board, Scheneman appeals.

The issue presented for review is whether for purposes of Indiana's *ad valorem* property tax Scheneman's vehicles are subject to assessment to the full extent of their true cash value or, as Scheneman argues, assessable only to the frac-

tional extent of their value which bears the same ratio to their full value as the number of miles driven in Indiana bears to the total number of miles driven in interstate commerce.

For purposes of his 1973 tangible property tax, Scheneman reported the total and adjusted costs of the vehicles in question at $31,423, the true cash value at $12,314 and assessed value at $616. In arriving at the assessed value, Scheneman computed and applied the allocation factor prescribed by Part VIII of Regulation 16 of the State Board of Tax Commissioners governing interstate carriers. See, Ind. Ann. Administrative Rules and Regulations § (64-602)-142 (Burns 1975 Supp.). The manifest purpose of the allocation factor is avoidance of multiple taxation of instrumentalities of commerce since the fleet of an interstate carrier is subject to property taxation in each state in which the carrier is licensed. It is computed by dividing the number of fleet miles travelled in Indiana by the total fleet miles driven in the entire system. The true cash value of the carrier's fleet subject to assessment in Indiana is determined by multiplying the cash value of the entire fleet by the allocation factor.

The County Board of Review denied to Scheneman the use of the allocation factor and issued notice of a change in the assessed value of the vehicles in question to $4100. Following an adverse ruling by Board on his petition for review of assessment, Scheneman initiated this action for review in the Vanderburgh Superior Court, which affirmed Board's determination, and this appeal followed.

For reasons hereinafter stated, we conclude that the trial court erred in its determination that Scheneman was not entitled to application of the allocation factor to the vehicles in question. Accordingly, the judgment must be reversed.

## I.

The relevant provisions of Part VIII of Regulation 16 under which Scheneman claims entitlement to application of the allocation factor are found at Ind. Ann. Administrative Rules and Regulations §§ (64-602)-140 *et seq.* (Burns 1975 Supp.) as follows:

"(64-602)-140. Valuation of depreciable property.—In general, interstate carriers, as herein defined, are required to compute the true cash value of aircraft and transportation equipment required to be reported for the Indiana personal property assessment purposes in accordance with the provision of Part II [Rules (64-602)-85— (64-602)-93] of this regulation. However, if such property is leased, the tentative true cash value is required to be computed in accordance with Part VI [Rules (64-602)-115—(64-602)-120] of this regulation. The tentative true cash value thus computed is then subject to allocation as provided herein. [Bd. of Tax Commrs., Reg. 16, § 8.1, adopted Jan. 6, 1971, filed Jan. 8, 1971, eff. March 1, 1971.]"

\* \* \*

"(64-602)-142. Interstate motor truck carriers.—In general, the entire fleet of trucks, trailers, etc. which is subject to assessment under this part [Rules (64-602)-140—(64-602)-144] is the interstate fleet licensed in the state of Indiana that is owned, held, possessed or controlled by an interstate or multistate carrier organized for the purpose of transporting goods in interstate commerce.

A. Definition of Interstate Motor Truck Carrier. Interstate motor truck carrier is herein defined to mean a public carrier organized and operated for the purpose of transpoting goods in interstate commerce.

B. Property Required To Be Reported. The entire fleet of trucks, trailers, etc. used in interstate commerce and subject to assessment by this Part VIII [Rules (64-602)-140—(64-602)-144] is required to be valued pursuant to section 8.1 [Rule (64-602)-140] of this regulation and reported on the property tax return filed by the taxpayer. Any depreciable property not used in interstate commerce must be valued pursuant to other parts of this regulation.

C. Allocation Factor. The allocation factor to determine the portion of the fleet assessable for Indiana property tax purposes is to be determined by dividing the total Indiana

miles of the fleet required to be reported for Indiana property tax purposes by the total miles of such fleet traveled throughout the entire system.

D. True Cash Value. The true cash value of the fleet of trucks, trailers, etc. subject to assessment of an interstate motor truck carrier is determined by multiplying the tentative true cash value as determined in section 8.1 [Rule (64-602)-140] of this regulation by the allocation factor determined in subsection C above. [Bd. of Tax Commrs., Reg. 16, § 8.3, adopted Jan. 6, 1971, filed Jan. 6, 1971, eff. March 1, 1971.]"

* * *

"(64-602)-144. Limitation on application of Part VIII [Rules (64-602)-140—(64-602)-144].—This part [Rules (64-602)-140—(64-602)-144] of the regulation is applicable only to the aircraft of the commercial airline or the trucks, trailers, etc. of the interstate motor truck carrier used in interstate commerce and is not applicable to the other classes of business personal property which the taxpayer may own, possess or control at the tax situs in question. The other classifications of business personal property must be reported and valued pursuant to the other provisions of this regulation. [Bd. of Tax Commrs., Reg. 16, § 8.5, adopted Jan. 6, 1971, filed Jan. 8, 1971, eff. March 1, 1971.]"

Scheneman argues that the foregoing provisions establish the following three requirements for use of the allocation factor:

1. The motor vehicle must be licensed in Indiana.
2. The motor vehicle must be owned, held, possessed or controlled by an Interstate or Multistate carrier.
3. The carrier must be a public carrier organized and operated for the purpose of transporting goods in interstate commerce.

It appears without dispute that these requirements are satisfied in the case at bar. The vehicles in question are licensed in Indiana and are held, possessed, and controlled by Scheneman's lessee, R. L. Jeffries Trucking Co., Inc., an interstate carrier. However, Board insists that Part VIII of Regulation 16 is applicable only in the instance where property is being assessed and taxed in the name of an interstate carrier and that it is wholly inapplicable where, as in the case

at bar, property is assessed and taxed in the name of an owner-lessor who is not an interstate carrier.[1] Thus, Board argues that Scheneman is not entitled to application of the allocation factor absent proof that he himself is an interstate carrier as defined by the regulation. We do not agree.

The thrust of the operative provision of Part VIII of Regulation 16 is not upon identification of the status of the taxpayer, but rather upon identification of the character and use of items of property. The property identified as being subject to assessment under Part VIII is "the interstate fleet licensed in the State of Indiana that is owned, held, possessed or controlled by an interstate or multistate carrier organized for the purpose of transporting goods in interstate commerce." Ind. Ann. Administrative Rules and Regulations § (64-602)-142, *supra.*

---

1. The assessment of leased property and respective liabilities for reporting and payment of tax are governed by the following provisions: "Person liable for taxes.—The owner on the assessment date of each year of any property liable to taxation under this act [6-1-20-1— 6-1-39-31] shall be assessed and liable for the taxes assessed for that year on such property. Any person holding, possessing, controlling or occupying any property in any capacity whatsoever, which property is liable to taxation under this act on the assessment date of each year shall be liable for the taxes assessed for that year on such property unless such person shall establish that such property is being asessed [assessed] and taxed in the name of the owner. In the absence of contract, when any person other than the owner pays any tax as required by this section, such person shall have a right to recover the amount paid from the owner." IC 1971, 6-1-21-3 (Burns Code Ed.) "Reporting requirements and tax liability.—A. Reporting Leased Property. All leased tangible personal property must be reported in the tax return filed by the possessor in the taxing district where such property is situated on the assessment date. If the owner is responsible for the payment of tax, the possessor must identify the property, the owner and the address of the owner. If the possessor is responsible for the payment of tax, the true cash value and the property must be reported on the appropriate return as herein described. B. Primary Liability for Taxes. The person so holding, possessing or controlling the tangible personal property on the assessment date is liable for the taxes on such property unless it is established that the property is being assessed and taxed in the name of the owner. This section does not relieve the owner of the responsibility to report or pay the taxes if such taxes are not paid by the possessor." Ind. Ann. Administrative Rules and Regulations § (64-602)-126 (Burns 1975 Supp.).

## II.

Constitutional considerations also mitigate against approval of the Board's construction of Part VIII of Regulation 16 denying to Scheneman application of the allocation factor.

Generally, the state of domicile of the owner may levy tangible property taxes on the full value of property used in interstate commerce with the exception of property permanently located outside of the state. *Northwest Airlines, Inc.* v. *Minnesota* (1943), 322 U.S. 292, 64 S.Ct. 950, 88 L.Ed. 1238. However, the jurisdiction of the domiciliary state to impose taxes is not exclusive. Instrumentalities of commerce may by virtue of regular interstate use acquire a taxable situs in one or more other states. These other states may then in a manner consistent with due process levy taxes on the instrumentality on an apportionate basis. *Braniff Airways, Inc.* v. *Nebraska State Board of Equalization* (1954), 347 U.S. 590, 74 S.Ct. 757, 98 L.Ed. 967.

To prevent multiple taxation of interstate operations offensive to the Commerce Clause of the Federal constitution the jurisdiction of the state of domicile to levy taxes must be reduced to the extent that an instrumentality acquires a taxable situs in other states. U.S. Const. Art. I, § 8; Amend. XIV. *Standard Oil Co.* v. *Peck* (1952), 342 U.S. 382, 72 S.Ct. 309, 96 L.Ed. 427; *Central Railroad Co.* v. *Pennsylvania* (1962), 370 U.S. 607, 82 S.Ct. 1297, 8 L.Ed.2d 720.

As stated in the Peck decision:

"The rule which permits taxation by two or more states on an apportionment basis precludes taxation of all of the property by the state of the domicile. See, *Union Refrigerator Transit Co.* v. *Commonwealth of Kentucky* 199 U.S. 194, 26 S.Ct. 36, 50 L.Ed. 150. Otherwise there would be multiple taxation of interstate operations and the tax would have no relation to the opportunities, benefits, or protection which the taxing state gives those operations."

The Board in its brief concedes that the fleet of an interstate carrier is subject to property taxation in each state in which it is licensed. The manifest purpose of the allocation factor prescribed by Part VIII of Regulation 16 is avoidance of multiple taxation of the carrier's fleet. Vindication of this purpose requires application of the allocation factor to the entire interstate fleet without regard to ownership status. Therefore, Board's construction denying application of the factor to lessors of vehicles to an interstate carrier should be rejected.

Board points out that Scheneman did not at any stage present evidence that the vehicles were in fact subject to property taxation in other states. However, the Commerce Clause proscribes imposition of *ad valorem* taxes by a domiciliary state to the extent that property *could* be taxed by other states, regardless of whether the property *is* in fact taxed by such other states. *Central Railroad Co.* v. *Pennsylvania, supra.*

## CONCLUSION

The State Board of Tax Commissioners and the Vanderburgh Superior Court erred as a matter of law in construing Part VIII of Regulation 16 to deny to Scheneman application of the allocation factor. Therefore, this cause is reversed and remanded to the trial court with instructions to remand to Board for reassessment in accordance with the principles set forth herein.

Reversed and remanded.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 340 N.E.2d 385.