OPINION OF THE COURT
Jones, J.
When a foreign mail-order business corporation is licensed to do business within the State and, through a wholly owned subsidiary, maintains offices and employees doing business at four different localities in the State, it is neither an undue burden on it in violation of the commerce clause of the Constitution of the United States nor a deprivation of its right to due process for the State to require the corporation to collect local, as distinguished from State, use taxes on goods sold and delivered by it to purchasers at every locality within the State, despite the fact its only contact with such locality is by mail and common carrier.
Petitioner, an Illinois corporation engaged principally in a mail-order merchandise sales business, brought this article 78 proceeding to review a determination by the State Tax Commission imposing liability on it for the collection and remittal of local sales and use taxes on all sales of goods to customers within New York State between August 1, 1965 and November 30, 1969. Its petition alleged that during the period in question it had been engaged in a mail-order business in all 50 States of the United States as well as in foreign countries or territories with its main offices and warehouses in the State of Illinois. Petitioner had made a wide distribution of catalogs by mail throughout these areas; using blanks included in the catalogs customers mailed their orders to the Illinois offices where the orders were accepted and filled, either by direct mail or by common carriers. Petitioner did not sell or offer for sale in New York any merchandise through its employees or salesmen. A wholly owned subsidiary of petitioner organized under the laws of Indiana and maintaining its principal offices in Illinois, Alden Catalog Offices, Inc., had four telephone offices in New York, one each in New York City and the Counties of Monroe, Erie and Onondaga, with a total of 29 *529 employees. The function of these offices was to receive telephone orders for catalog items from customers. Subsidiary duties of employees at the four offices included telephone solicitation of orders made from the several offices and receipt of orders from persons who might come to the offices personally. All such orders were forwarded to petitioner’s Illinois headquarters for acceptance. Employees at these offices engaged in no sales activities outside the offices. The telephone number and location of each of the offices were listed in the telephone directory serving the area in which it was located, including the "Yellow Pages” of such directory, but no listing was included in any directory serving metropolitan areas other than those in which the offices were located. The subsidiary had no other business locations or employees of any kind in the State.
For the period in question petitioner duly collected and paid to the Sales Tax Bureau of the State Department of Taxation and Finance the State sales and compensating use taxes on all sales to customers located anywhere within the State as well as local sales and use taxes imposed on sales to customers located in Erie, Monroe and Onondaga Counties and in New York City, the areas where the subsidiary, Alden Catalog Offices, Inc., maintained offices. On March 5, 1970 the Sales Tax Bureau notified petitioner that there were use taxes[1] due for the period in question which, with penalties and interest, totaled $93,902.06. This assessment was predicated on petitioner’s failure to collect and remit to the bureau local use taxes on goods sold to customers in areas within the State in which such local taxes were imposed other than the four areas in which offices of Alden Catalog Offices, Inc., were located. Following petitioner’s request for a review and reversal of the Sales Tax Bureau’s determination by the State Tax Commission the parties entered into a stipulation of the facts recited above, after which, on August 16, 1977, the commission issued its determination that the deficiencies had been properly determined by the bureau.
In the present article 78 proceeding, in which petitioner has thus far been unsuccessful, it urges three arguments — one *530 statutory and two constitutional — in support of its demand for annulment of determinations which have held it liable for collection and remittal to the Sales Tax Bureau of local use taxes on items sold by mail order to customers in areas in which neither it nor its subsidiary maintained any business office or employees. First, it asserts that although it was required by the provisions of article 28 and 29 of the Tax Law to collect State use taxes on goods sold to customers anywhere in the State and to collect local use taxes on goods sold to customers in the four tax units in which its subsidiary had its offices, nothing in the statute imposed on it a corollary duty to collect local taxes with respect to sales made within the State but outside those four areas. Next, it contends that if the Tax Law be found to have imposed such a duty, it both places an undue burden on interstate commerce[2] and also violates the due process clause of the United States Constitution.[3] Finally, petitioner argues that if the Tax Law is construed constitutionally to impose on it the obligation to collect local use taxes, the due process clause prohibits the imposition of retroactive liability for prior uncollected taxes.
We turn first to the question whether there is statutory authority for requiring petitioner to collect the challenged local use taxes. Article 28 of the Tax Law adopted in 1965 provided for the imposition of State sales and use taxes (§§ 1105, 1106, 1110) setting out exemptions and the details of administration of the taxes so imposed (L 1965, ch 93). Article 29, simultaneously enacted, defined the authority of cities, counties and school districts to impose or to have imposed for their benefit a variety of local taxes. Included in this article was a provision empowering cities and most counties within the State by local law, ordinance or resolution to impose sales and use taxes "identical, except as to rate and except as otherwise provided herein, with the corresponding provisions in such article twenty-eight, including the definition and exemption provisions of such article, so far as the provisions of such article twenty-eight can be made applicable to the taxes imposed by such city or county and with such limitations and special provisions as are set forth in this article” (§ 1210, subd [a], par [1]). The section expressly provided that such local taxes were to be "administered, collected and distributed by the state tax commission”, in which had been *531 vested the authority for implementation and enforcement of the State sales and use taxes.
With respect to initial collection of the local taxes authorized by article 29, subdivision (a) of section 1254 provided: "Every person required to collect tax, as defined in section eleven hundred thirty-one, who is required to collect any state tax imposed under sections eleven hundred five, eleven hundred six or eleven hundred ten, shall at the same time collect any applicable tax imposed by a city, county or school district under the authority of sections twelve hundred ten”. Looking then, as one must, to subdivision (1) of section 1131 (within art 28) for the definition of "Persons required to collect tax”, one finds such persons to be "every vendor of tangible personal property or services”. Insofar as relevant to our present considerations, "vendor” was in turn defined by section 1101 (subd [b], par [8], cl [i], subcls [B], [C]) of article 28 as
"(B) A person maintaining a place of business in the state and making sales, whether at such place of business or elsewhere, to persons within the state of tangible personal property or services, the use of which is taxed by this article;
"(C) A person who solicits business either by employees, independent contractors, agents or other representatives or by distribution of catalogs or other advertising matter and by reason thereof makes sales to persons within the state of tangible personal property or services, the use of which is taxed by this article”.
It remains only to retrace the steps through the statutory sections just recited to conclude that petitioner was a "vendor” under section 1101 (subd [b], par [8]) by reason of its maintenance of four places of business in the State and its solicitation of business through its employees there (its subsidiary’s four offices and their employees’ activities), that as a "vendor” it was a "person required to collect tax” under subdivision (1) of section 1131 and that, in view of its uncontroverted duty to collect State taxes on sales made to all its customers located within the State, it was required by subdivision (a) of section 1254 also to collect local use taxes on the items which were the subject of those sales.
In refutation of this logical progression petitioner urges that, when liability for collection of local use taxes is at issue, the language of section 1101 (subd [b], par [8]) must be judicially edited so that in place of reference in subclause (B) to *532 maintaining a place of business "in the state” the provision must be read as maintaining a place of business "within the local taxing unit”, and that to the reference in subclause (C) to soliciting business there must be added a limitation to "within the specific locality of the local taxes”. However, no justification for such rewriting of the statutory provisions is to be found in the language or design of article 29, the article treating local taxes. Moreover, the alterations for which petitioner contends would substantially undermine the manifest purpose of the Legislature to have a single governmental agency — the State Tax Commission — serve as administrator of sales and use tax collections, be they State or local taxes. In the case of property purchased by mail by a customer in a city or county with which the seller’s only contact was by mail and common carrier, each local taxing body would have to maintain its own use tax collection and enforcement bureau with the expenses incidental thereto, and the likelihood of success in such collection — necessarily from the buyer on the basis of individual sales — would be substantially diminished, for, as has been noted with respect to a use tax, "the impracticality of its collection from the multitude of individual purchasers is obvious” (National Geographic v California Equalization Bd., 430 US 551, 555). Nor is any reason advanced for imposing a heavier collection burden on a domestic corporation which is located only in a single county of the State (but which concededly must collect use taxes on all deliveries anywhere within the State) than on a foreign corporation which is located within but a single county (here four counties) within the State.
We reject petitioner’s attempt to find statutory authority for the position it espouses in the use of the apparently tautological language in subdivision (a) of section 1254 — "Every person required to collect tax, as defined in section eleven hundred thirty-one, who is required to collect any state tax imposed under sections eleven hundred five, eleven hundred six or eleven hundred ten”. With nothing more than what we regard as a duplication of expression to support its argument, and with language readily available to the Legislature, were it so disposed, clearly to have limited the obligation of collection as petitioner would have it, we cannot accept the hypothesis that subdivision (a) of section 1254 sets up two qualifications which must be met before the obligation to collect local taxes befalls —i.e., that the person under consideration be independently *533 required to collect the local tax (a requirement that petitioner contends could be met only by fulfillment of the definition of "vendor” with the concept of locality substituted for the language "in the state”) as well as being required to collect any State sales or use tax.
We also reject petitioner’s reliance on the inclusion in section 1210 of the Tax Law, following the authorization for local enactment of all taxes described in article 28 in form identical to the article 28 taxes, of the words "so far as the provisions of such article twenty-eight can be made applicable to the taxes imposed by such city or county” as indicative that the adaptations of the statutory term "vendor” for which it argues are mandated by the statute. The language quoted clearly was pertinent to the substance of the taxes themselves and their imposition and was made necessary by the fact that the taxes thereby authorized for local enactment were described only by general reference to the preceding article of the statute. In view of the inclusion of section 1254, dealing expressly with collection of local taxes adopted pursuant to article 29, and its specificity, there is no occasion to modify that section by reason of the provision contained in section 1210 relevant to the substance of the taxes.
We therefore conclude that there was no error in the determination by the State Tax Commission and the courts below that petitioner was required by subdivision (a) of section 1254 of the Tax Law to collect and remit local use taxes on goods sold to customers within the State but outside the taxing units in which petitioner maintained a place of business.
Next to be addressed is the contention that the statute as so construed unreasonably burdens interstate commerce and deprives petitioner of its right to due process in contravention of the United States Constitution. It should be noted at the outset that petitioner raises no challenge to the power of local authorities that have enacted sales taxes to impose compensating use taxes on goods bought outside the taxing area, recognizing the decision in National Geographic v California Equalization Bd. (430 US 551, supra) and cases cited therein as authority for the existence of such power. It relies however on National Bellas Hess v Department of Revenue (386 US 753) and an extrapolation it would draw therefrom in support of its request for reversal of the order below. The case last cited, addressing claims of violation of due process and crea *534 tion of an unconstitutional burden on interstate commerce advanced by an out-of-State mail-order seller resisting a statutory obligation to collect State use taxes on the items of its sales, summarized the law as follows: "These two claims are closely related. For the test whether a particular state exaction is such as to invade the exclusive authority of Congress to regulate trade between the States, and the test for a State’s compliance with the requirements of due process in this area are similar. See Central R. Co. v. Pennsylvania, 370 U. S. 607, 621-622 (concurring opinion of MR. JUSTICE BLACK). As to the former, the Court has held that 'State taxation falling on interstate commerce . . . can only be justified as designed to make such commerce bear a fair share of the cost of the local government whose protection it enjoys.’ Freeman v. Hewit, 329 U. S. 249, 253. See also Greyhound Lines v. Mealey, 334 U. S. 653, 663; Northwestern Cement Co. v. Minnesota, 358 U. S. 450, 462. And in determining whether a state tax falls within the confines of the Due Process Clause, the Court has said that the 'simple but controlling question is whether the state has given anything for which it can ask return.’ Wisconsin v. J. C. Penney Co., 311 U. S. 435, 444. See also Standard Oil Co. v. Peck, 342 U. S. 382; Ott v. Mississippi Barge Line, 336 U. S. 169, 174. The same principles have been held applicable in determining the power of a State to impose the burdens of collecting use taxes upon interstate sales. Here, too, the Constitution requires 'some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax.’ Miller Bros. Co. v. Maryland, 347 U. S. 340, 344-345; Scripto, Inc. v. Carson, 362 U. S. 207, 210-211. See also American Oil Co. v. Neill, 380 U. S. 451, 458.” (386 US 756-757.) The court then concluded that, because the out-of-State seller’s only connection with buyers in the State was by mail or by common carrier, the required nexus to permit the State’s imposition of the burden of collection of its use tax was not present.
Petitioner argues by wishful extrapolation that the imposition of the duty of collection of all local use taxes within the State on a seller which is located only in particular counties within the State and whose only connection with buyers in other local tax areas is by mail or by common carrier is similarly infirm. However, simply because there are constitutional limitations on the burdens which may be placed on interstate commerce it does not follow, nor is there any *535 precedent for holding, that that burden is to be measured by further compartmentalization of each State into its municipal subdivisions. No historical predicate is advanced to indicate that in assuring protection of commerce among the several States, any such intrastate partitioning was contemplated, and petitioner cites no Supreme Court case so holding. The cases in that court dealing with the obligation of collection of use taxes have all dealt with State, rather than local, taxes (e.g., Scripto v Carson, 362 US 207; General Trading Co. v Tax Comm., 322 US 335; Nelson v Sears, Roebuck & Co., 312 US 359).
In pleading for a nexus between the out-of-State seller and each local tax area as a necessary predicate for the imposition of tax collection liability petitioner overlooks what is a significant, indeed decisive, fact in the situation presented by this case — namely, that the obligation for petitioner’s collection of local use taxes has been imposed by State, not local, action, i.e., the enactment by our State Legislature of subdivision (a) of section 1254 of the Tax Law. Indeed, the levies of the local use taxes were themselves only a product of enabling State action, without which they would have been ineffective and invalid. In the adoption and imposition of local use taxes, cities and counties exercise a power vested in the State, only to the extent and within the limits the State has seen fit to delegate such authority to them. With respect to collection of the use taxes which local governmental bodies may elect to assess, the State Legislature has seen fit not to delegate, but has itself directed that the obligation for collection shall rest on those who qualify as vendors under section 1101 (subd [b], par [8]) of the Tax Law — for present purposes, sellers who maintain a place of business in the State and make sales to persons within the State. The legislation by which this was accomplished is no less the State’s imposition of a duty than is its imposition on such vendors of a duty to collect the State use tax levied by section 1110 of the Tax Law.
That being so, the only question appropriately to be raised is whether petitioner’s activities within the State "adequately establish a relationship or 'nexus’ between the [petitioner] and the State” such that the obligations imposed are not unconstitutional (National Geographic v California Equalization Bd., 430 US 551, 556, supra). There can be no real doubt as to this issue. The National Geographic case found a sufficient nexus on a showing no stronger than that demonstrated by the *536 present record. There the out-of-State seller’s maintenance of two offices within the State for solicitation of advertising for its magazine was adequate for its subjection to use tax collection duty with respect to items of mail-order sales made to customers within the State of California; here petitioner’s subsidiary’s maintenance of four offices with 29 employees for receipt, and some solicitation, of telephone orders can be no less adequate. For the privilege of doing business in the State thus enjoyed by petitioner, the State may ask a return in the form of tax collection. Indeed, petitioner has not contended otherwise but frankly admits that it has at all times during the period in question complied with the obligation imposed on it to collect State use taxes. The State is no less entitled to require its collection of use taxes enacted by cities and counties pursuant to the State’s delegated authority.
 Finally, we find without merit petitioner’s claim that if the relevant Tax Law provisions are now construed constitutionally to impose upon it the obligation to collect local use taxes, the due process clause of the Federal Constitution prohibits the imposition of retroactive liability for prior uncollected taxes. In support of this claim it is apparently suggested that the State Tax Commission was obligated at some time prior to the Sales Tax Bureau’s determination on March 5, 1970 to advise petitioner of its collection obligation. No statutory or decisional support for such a proposition is tendered, and lacking any such tender we decline to recognize such an affirmative obligation on this governmental agency. We are confronted with no more than the delayed enforcement of a collection obligation which petitioner chose to ignore. Insofar as petitioner seeks to find support in the alleged fact — not a part of the stipulation between the parties —that the Tax Commission promulgated a Model County or City Sales and Use Tax Resolution which employed the word "County” as the place of doing business of one described as a "vendor”, it need only be observed that the commission is without authority, by promulgation of such material or in any other way, to amend or to contravene the unambiguous language of the statute; nor, of course, may it be foreclosed on any theory of estoppel.
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
*537 Order affirmed.

. Although the administrative determinations spoke collectively of the obligation to collect sales and use taxes, only the collection of use taxes is actually involved in this case. There is no contention that any sales — as distinguished from delivery of goods in fulfillment of sales completed at petitioner’s Illinois offices — were made in New York.

. (US Const, art I, § 8.)

. (US Const, 14th Arndt, § 1.)