**STRESCON INDUSTRIES, INC., Plaintiff,**

**v.**

**Howard A. COHEN, Secretary of Revenue Commonwealth of Pennsylvania and Louis L. Goldstein, Comptroller of the Maryland Treasury, Defendants.**

**Civ. A. No. J–79–826.**

United States District Court, D. Maryland.

Feb. 18, 1981.

William P. Baker, Baltimore, Md., for plaintiff.

Stephen H. Sachs, Asst. Atty. Gen., Baltimore, Md., for Goldstein.

Mary Ellen Krober, Asst. Atty. Gen. and Edward G. Biester, Jr., Atty. Gen., Harrisburg, Pa., for Cohen.

## MEMORANDUM AND ORDER

SHIRLEY B. JONES, District Judge.

Plaintiff brings the present action under federal question jurisdiction against the Secretary of Revenue of Pennsylvania and the Comptroller of the Maryland Treasury. Plaintiff seeks to order the refund of certain sales and use taxes collected by both Maryland and Pennsylvania and requests that certain statutes and regulations of both states be declared unconstitutional. Defendants have moved to dismiss on the ground that his Court lacks subject matter jurisdiction.

Plaintiff is a Maryland corporation which is engaged in the construction industry. It manufactures building materials in Maryland and erects them both within and outside the state. The particular transactions which are called into question in this case are alleged to have occurred between January 1, 1975 through September 30, 1977, and relate to contracts entered into by plaintiff for construction of buildings in Pennsylvania. Component parts of the building were manufactured in Maryland and were subsequently incorporated into buildings in Pennsylvania. It is alleged that prior to November 25, 1977, plaintiff had been instructed by the Comptroller of the Maryland Treasury not to pay tax on those materials manufactured in Maryland but used in buildings outside the state, but, instead, to pay sales or use tax to the jurisdiction in which the building was erected. In accordance with these instructions, plaintiff paid no Maryland tax on the materials used in Pennsylvania but, rather, paid sales and use tax to the Commonwealth of Pennsylvania. After an audit, plaintiff was notified by the Retail Sales Tax Division of the Comptroller of the Treasury of Maryland that it was being assessed $87,149.05 for sale and/or use tax for the period in question plus $17,538.75 in interest and penalties. This amount was subsequently reduced somewhat. It is alleged that $72,276.23 of the amount assessed by Maryland represents tax on materials manufactured in Maryland and assembled outside the state. Of this amount, $11,868.96 represents tax on materials plaintiff manufactured for use in Pennsylvania during the period in question. Plaintiff had already paid $17,803.44 in sales or use tax to Pennsylvania. Plaintiff applied to the Comptroller for a revision of the Maryland assessment and a formal hearing was held but no decision has been rendered. Plaintiff also applied to the Department of Revenue Sales and Use Board for a refund of the Pennsylvania sales and use tax, which had been paid on the materials in question, which was refused. An appeal was filed with the Department of Revenue's Board of Finance and Revenue which also refused a refund. Plaintiff then filed the instant suit. Plaintiff attacks the two taxes in question as undue burdens on interstate commerce, violations of due process and violations of various state laws and regulations.

Defendants have moved to dismiss on the ground that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1341 which provides:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Defendants argue that the remedies available to plaintiff in both Pennsylvania and Maryland bar jurisdiction in this Court.

■ The inquiry which the Court must make is whether the state remedies available to plaintiff are "plain, speedy, and efficient." This requirement means nothing more than that the available state remedy be adequate. *Garrett v. Bamford*, 538 F.2d 63 (3d Cir. 1976). This does not mean that the state remedy must be the better remedy, but merely that it be an adequate one. *Bland v. McHann*, 463 F.2d 21 (5th Cir. 1972).

In its opposition to the instant motion, plaintiff does not challenge any procedural aspects of the remedies available in either Maryland or Pennsylvania but, rather, asserts that both remedies are inadequate because each state is not likely to construe its tax in light of the other state's tax. Plaintiff urges that the alternative to maintaining suit in this Court is protracted, parallel administrative and judicial proceedings in both Maryland and Pennsylvania with the risk that their highest courts would reach conflicting decisions. Plaintiff relies on *United States Steel v. Multistate Tax Commission*, 367 F.Supp. 107 (S.D.N.Y.1973), *aff'd on other grounds*, 434 U.S. 452, 97 S.Ct. 1096, 51 L.Ed.2d 533 (1978), for the proposition that pursuing remedies in more than one state renders those remedies inadequate. In that case, the plaintiff was challenging the subpoena power of a commission formed under an interstate compact. The court held that the alternative to maintaining suit in federal court would be to file individual suits in at least 17 states. "The necessity for such a multiplicity of actions cannot by any stretch of the imagination be considered a viable alternative to federal suit...." *Id.* at 116.

■ The Court finds *United States Steel* to be inapposite to the case at hand. The issue in that case was the constitutionality of the interstate compact upon which the Multistate Tax Commission was based. In order to gain relief through state remedies, the plaintiff would have been forced to litigate the precise same issue, *i. e.* the constitutionality of the interstate compact, in at least 17 states. In contrast, the instant suit does not seek determination of the precise same issue in Pennsylvania and Maryland. Plaintiff's argument that state remedies are inadequate goes solely to the assertion that the two state taxes will not be considered in light of one another. Although this argument is facially appealing, the fallacy in plaintiff's reasoning is that it is not necessary that the two taxes be construed in context with one another. Plaintiff cites no authority which holds that the constitutional power to tax of one state is affected by a tax another state has chosen to impose. As to the issue whether either of these taxes constitutes an undue burden on interstate commerce, "the real question [is] whether what the state is exacting is a constitutionally fair demand by the state for that aspect of the interstate commerce to which the state bears a special relation." *Central Greyhound Lines v. Mealy*, 334 U.S. 653, 661, 68 S.Ct. 1260, 1265, 92 L.Ed. 1633 (1948); *see Northwestern Cement Co. v. Minnesota*, 358 U.S. 450, 79 S.Ct. 357, 3 L.Ed.2d 421 (1959); *National Bellas Hess v. Department of Revenue*, 386 U.S. 753, 87 S.Ct. 1389, 18 L.Ed.2d 505 (1967). The question of Maryland's relationship to the transaction in issue and the question of Pennsylvania's relationship to that transaction are wholly distinct issues which the Court concludes must be litigated through the state remedies provided for under the mandate of 28 U.S.C. § 1341. "And in determining whether a state tax falls within the confines of the Due Process Clause, ... the 'simple but controlling question is whether the state has given anything for which it can ask in return.'" *National*

*Bellas Hess v. Department of Revenue,* 386 U.S. 753, 756, 87 S.Ct. 1389, 1390, 18 L.Ed.2d 505 (1967); *Standard Oil Co. v. Peck,* 342 U.S. 382, 72 S.Ct. 309, 96 L.Ed. 427 (1952); *Wisconsin v. J. C. Penney Co.,* 311 U.S. 435, 61.S.Ct. 246, 85 L.Ed. 267 (1940). This, too, is a determination which can be made without reference to each tax individually. Although the Court acknowledges that it would be more efficient to litigate these issues in one forum, that is not the examination which the Court is required to make. Therefore, because plaintiff has adequate state remedies available to it, the Court concludes that it lacks subject matter jurisdiction, and defendants' motion to dismiss must be granted.