**STRESCON INDUSTRIES, INC., Appellant,**

v.

**Howard A. COHEN, Secretary of Revenue, Commonwealth of Pennsylvania; and Louis L. Goldstein, Comptroller of the Maryland Treasury, Appellees.**

No. 81–1255.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1981.

Decided Nov. 23, 1981.

**930**

Gerard F. Miles, Baltimore, Md. (William P. Baker, Baker & Baker, P.A., Baltimore, Md., on brief), for appellant.

Mary Ellen Krober, Deputy Atty. Gen., Harrisburg, Pa., Commonwealth of Pennsylvania, Paul Sugar, Asst. Atty. Gen., Baltimore, Md., for the Comptroller of the Treasury, State of Maryland, for appellees.

Before BRYAN, Senior Circuit Judge, RUSSELL and WIDENER, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge:

The issue in this appeal is whether the District Court properly concluded that the Tax Injunction Act, 28 U.S.C. § 1341 (1976),[1] ousted it of jurisdiction over appellant's challenge to the constitutionality of taxing schemes administered by the States of Maryland and Pennsylvania. We affirm, 508 F.Supp. 786, concluding as did the District Court, that appellant has a "plain, speedy, and efficient" remedy in both Maryland and Pennsylvania.

## I

Appellant Strescon Industries, Inc. is a Maryland corporation engaged in various aspects of the construction business. In particular, it manufactures and installs building materials. Its activities are pursued not only in Maryland, where it has its principal place of business, but also in Pennsylvania and other jurisdictions in the Middle Atlantic area.

Because of its interstate operations, appellant is potentially liable for sales and/or use taxes in each of the States in which it conducts business. The gravamen of its grievance which prompted this action is that either Maryland or Pennsylvania, or both, are unconstitutionally subjecting it to double taxation.

Between January 1, 1975 and September 30, 1977, appellant performed work on a series of contracts for the erection of buildings in Pennsylvania. Raw materials were delivered in Maryland and used by appellant to make pre-cast concrete and related structures. These component parts then were shipped to Pennsylvania where they were assembled by appellant. No sales or use taxes were paid to Maryland on these commodities.[2] Appellant did pay $17,803.44

---

1. This provision states:

   The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state.

2. Appellant claims that the Office of the Comptroller of the Maryland Treasury, headed by appellee Goldstein, advised it that it had no Maryland tax liability on these transactions. Because the trial court dismissed appellant's suit on jurisdictional grounds, we assume for the purposes of this appeal that the allegations

in sales or use taxes to the Commonwealth of Pennsylvania for its building projects there during this period.

On November 25, 1977, Goldstein, the Comptroller of the Maryland Treasury, notified appellant that it was liable for sales and/or use taxes for materials assembled in Maryland but installed elsewhere. Ultimately, appellant was assessed $11,868.76, plus interest and penalty, for its construction activities in Pennsylvania between January 1976 and September 1977.

Upon receipt of the Maryland levy, appellant initiated administrative proceedings in both Maryland and Pennsylvania. It sought recovery of the sums already paid to Pennsylvania and a revision of Maryland's assessment. The Pennsylvania Sales and Use Tax Board of Review and Board of Finance and Review each rejected appellant's refund claim. Suit then was brought in the Commonwealth Court of Pennsylvania seeking review of the administrative determinations. Apparently no further action has been taken in the Commonwealth Court, however.

Similarly, appellant has petitioned unsuccessfully for administrative revision of the Maryland levy. The Maryland Comptroller of the Treasury rejected appellant's claim for a revision and an appeal of that decision has been filed with the Maryland Tax Court. Except for the filing of a motion to stay proceedings pending resolution of this suit, no further action seems to have been taken in the Maryland courts.

While the State proceedings were pending, appellant brought suit in the Federal District Court for the District of Maryland alleging that the State tax assessments, taken together, are unconstitutional in that they unlawfully burden interstate commerce in violation of article 1, section 8 of the U. S. Constitution and invidiously prefer intrastate business in contravention of the equal protection clause of the Fourteenth Amendment. The District Court, however, did not reach the underlying constitutional claims. Instead, it found that

contained in appellant's complaint are true. *Walker Process Equipment, Inc. v. Food Ma-*

the Tax Injunction Act barred it from interfering with the States' procedures for resolving tax controversies.

## II

■ In enacting the Tax Injunction Act, Congress was motivated by a variety of concerns. As has been pointed out, this statute "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Tully v. Griffin, Inc.*, 429 U.S. 68, 73, 97 S.Ct. 219, 222, 50 L.Ed.2d 227 (1976). Thus the Federal courts, as a general rule, are not to interfere with the States' mechanisms for resolving tax controversies. The only exception contemplated by Congress relates to State remedies which are not plain, speedy, or efficient.

■ In light of *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981), it is now clear that the inquiry demanded of a Federal court considering the applicability of § 1341 is whether the State remedies are procedurally adequate. Provided a taxpayer is offered a fair opportunity to present his claims in the State courts, § 1341 insulates the States from Federal court interference. Thus a State remedy which does not permit the recovery of interest on a refund obtained through otherwise adequate State procedures does not remove the bar to Federal jurisdiction because an asserted *substantive* defect in the State remedy, even if found to exist, is an insufficient basis upon which Federal jurisdiction may be grounded. *Id.* Likewise, the mere fact that a taxpayer may have to cross a State line to seek redress does not render the State procedures inadequate. *Tully v. Griffin, Inc.*, 429 U.S. 68, 73, 97 S.Ct. 219, 222, 50 L.Ed.2d 227 (1976).

■ Where, however, the State procedures do not assure the taxpayer an opportunity to raise a Federal constitutional claim, *see Township of Hillsborough v. Cromwell*, 326 U.S. 620, 623, 66 S.Ct. 445, 448, 90 L.Ed. 358 (1946), or require repeti-

*chinery & Chemical Corp.*, 382 U.S. 172, 174–75, 86 S.Ct. 347, 348–49, 15 L.Ed.2d 247 (1965).

tive suits to protect a single Federal claim, *see Georgia Railroad & Banking Co. v. Redwine,* 342 U.S. 299, 303, 72 S.Ct. 321, 323, 96 L.Ed. 335 (1952), the State remedies cannot be characterized as "plain, speedy, or efficient." We must consider, therefore, whether the remedies afforded appellant by Maryland and Pennsylvania are, in truth, adequate to preclude Federal interference with the States' revenue collection procedures.

### III

■ A review of each State's procedures discloses no procedural inadequacy. Each of them has established administrative mechanisms for the review of assessments and the consideration of refund claims. Further, each State guarantees its taxpayers the right to appeal adverse administrative determinations to a court of record. These courts, of course, are authorized to hear and resolve constitutional claims. Finally, both States authorize discretionary review by their highest courts and, of course, the Supreme Court may review the States' determinations if they rest upon Federal grounds. In short, Maryland and Pennsylvania each afford appellant a full and fair opportunity to challenge the respective tax levies.

Appellant nonetheless asserts its State remedies are inadequate because they require Strescon to press one Federal claim through multiple suits and because there is uncertainty as to whether the courts of each State can or will interpret the revenue laws of the other State. We find neither argument persuasive.

■ Appellant need not challenge the actions of both Pennsylvania and Maryland in order to raise its constitutional objections. It could attack only one State's actions. Indeed, it seems clear that appellant's underlying contention is that one, but not both, of the States may levy sales or use taxes on the same product; there is no serious insistence that *neither* State may tax the transactions. In this context, appellant's decision to challenge both jurisdictions' exactions evinces a desire to preserve every possible claim it may have. Although this approach intimates a careful litigation

strategy, it is insufficient to confer jurisdiction on the Federal courts. Unlike *Georgia Railroad & Banking Co. v. Redwine,* 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335 (1952), where petitioner had to institute some 300 suits raising the same Federal claim, appellant here really has but one Federal claim, and that against a single State. It may elect to safeguard its interests by suing both States but that does not alter the essence of its challenge to the States' tax levies.

Viewing the controversy in this light, it becomes clear that appellant's second argument that neither State will consider appellant's constitutional claim, is also without merit. Resolution of this dispute simply does not depend upon whether Maryland courts can render binding decisions on the constitutionality of Pennsylvania's taxing decisions or vice versa. It is sufficient that the courts of each State are empowered to determine whether their own laws are consonant with the Constitution. We have no reason to believe that these courts will not discharge their duties carefully and faithfully and, therefore, will not assume that they will deny appellant a fair hearing on his constitutional objections.

The judgment on appeal is

AFFIRMED.