PHOENIX STEEL, INC., a Wisconsin
corporation, Plaintiff,

v.

The STATE OF WISCONSIN DEPART-
MENT OF REVENUE, and the State of
Minnesota Department of Revenue, De-
fendants.

No. 86–C–115–S.

United States District Court,
W.D. Wisconsin.

May 15, 1986.

Murphy & Desmond, Attn: Timothy A.
Nettesheim, Madison, Wis., for plaintiff.

Burneatta L. Bridge, Asst. Atty. Gen.,
Madison, Wis., for Wisconsin Dept. of Rev-
enue.

Thomas K. Overton, St. Paul, Minn., for
Minnesota Dept. of Revenue.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Phoenix Steel, Inc. brings this
action for declaratory judgment against de-
fendants State of Wisconsin Department of
Revenue and State of Minnesota Depart-
ment of Revenue. This case is currently
before the Court on the motion to dismiss
of the Wisconsin Department of Revenue.

In deciding a motion to dismiss, the fac-
tual allegations of the complaint are taken
as true, with all factual inferences drawn
in favor of plaintiff. *Wolfolk v. Rivera*,
729 F.2d 1114, 1116 (7th Cir.1984). There-
fore, taking the relevant allegations of the
complaint as true, and for the sole purpose
of deciding this motion, the Court finds the
following facts.

### FACTS

Plaintiff Phoenix Steel, Inc. a Wisconsin
corporation with its principal offices in Eau
Claire, Wisconsin, is engaged in the busi-
ness of fabricating and selling concrete re-
inforcing bars, steel bridges, steel build-
ings, steel warehouses and various steel
resale items. It sells to customers in Wis-
consin, Minnesota, Michigan, Iowa and Illi-
nois. It pays sales tax to each of the five
states in which it conducts business based
on the materials sold and services provided
to customers in those states.

For plaintiff's fiscal years ending Sep-
tember 30, 1978, 1979 and 1980, it appor-
tioned its income between Wisconsin, Min-
nesota, Michigan, and Iowa as permitted by
Wis.Stats. § 76.07(2) (1983–84), and Wis.
Admin.Code § Tax 2.39. For plaintiff's fis-
cal year ending September 30, 1981, it ap-
portioned its income between Wisconsin,
Minnesota, Michigan, Iowa and Illinois in
the same manner. Plaintiff apportioned its
income during each of the fiscal years on
the basis that it was doing business in
Wisconsin, as well as in Minnesota, Michi-
gan, Iowa, and Illinois, and therefore, a
certain amount of its income from sales
was apportionable to those states because
the sales and services producing such in-

come had occurred in those states. Plaintiff filed tax returns and paid taxes to Wisconsin, Minnesota, Michigan, and Iowa for the fiscal years endingSeptember 30, 1978, 1979 and 1980. For the fiscal year ending September 30, 1981, plaintiff filed tax returns and paid taxes in Wisconsin, Minnesota, Michigan, Iowa, and Illinois. All of these tax returns were prepared and signed by plaintiff in Wisconsin, using information located only in Wisconsin.

The Wisconsin Department of Revenue, by a letter dated July 5, 1983, notified plaintiff of an additional franchise tax assessment of $156,181.64 in taxes and $51,-733.61 in interest computed to September 6, 1983. The additional tax assessment was entirely attributable to the "throw back" of plaintiff's income which it had allocated to states other than Wisconsin (including Minnesota) for the fiscal years ending September 30, 1978, 1979, 1980 and 1981. This income was thrown back to Wisconsin because the Wisconsin Department of Revenue determined that Minnesota, Michigan, Iowa, and Illinois did not have the power to tax plaintiff due to insufficient nexus by operation of 15 U.S.C. § 381, and that therefore plaintiff could not apportion its income under Wis.Admin.Code § Tax 2.39(5)(c)6. As a result of this throw back of income previously allocated to states other than Wisconsin, 100 percent of plaintiff's income was allocated to Wisconsin for the fiscal years ending September 30, 1978, 1979, 1980 and 1981 and additional tax and interest for each of the years in question was assessed against plaintiff.

By a letter dated August 29, 1983, plaintiff filed with the State of Wisconsin a Petition for Redetermination of the July 5, 1983 Notice of Franchise Tax Assessment. This Petition for Redetermination was made on the basis that plaintiff had sufficient nexus, under 15 U.S.C. § 381, with Minnesota, Michigan, Iowa and Illinois to justify the apportionment of plaintiff's income for purposes of determining the amount of tax payable to each state. Plaintiff's Petition for Redetermination was denied. Plaintiff appealed this action to the Wisconsin Tax Appeals Commission.

Based on Wisconsin's additional tax assessment for the fiscal years ending September 30, 1980 and September 30, 1981, plaintiff applied to the Minnesota Department of Revenue for a refund of income taxes in the amount of $38,956 and $27,710 paid to Minnesota for each respective fiscal year. The 1980 and 1981 Claims for Refund of Minnesota Taxes were based on the Wisconsin Department of Revenue's determination that Minnesota does not have the power to tax plaintiff pursuant to 15 U.S.C. § 381. The Minnesota Department of Revenue denied plaintiff's applications for the refunds on the grounds that plaintiff's activities in Minnesota were sufficient to justify taxation under 15 U.S.C. § 381.

The Minnesota Department of Revenue's decision to deny plaintiff's application for a refund is appealable to either the Minnesota Tax Court or to the Minnesota District Court. To bring an appeal to Minnesota Tax Court, a notice of appeal must be served on the Commissioner of Revenue and filed with the Tax Court Administrator within sixty days after notice of the making and filing of the Commissioner of Revenue's order denying plaintiff's claim for refund. The Minnesota Tax Court's decision is subject to discretionary review by the Minnesota Supreme Court upon application by either party for a writ of certiorari. To bring an appeal to the Minnesota District Court the action must be commenced within eighteen months following the mailing of the Minnesota Department of Revenue's order denying plaintiff's claim for refund. The Minnesota District Court's decision is appealable as a matter of right by either party to the Minnesota Court of Appeals, an intermediate appellate court. The Minnesota Court of Appeals decision is subject to discretionary review by the Minnesota Supreme Court upon application by either party for a writ of certiorari. Because a federal question is involved, either party may appeal the final decision of the Minnesota Supreme Court to the United States Supreme Court.

On April 26, 1985, plaintiff timely applied to the Wisconsin Tax Appeals Commission

for a review of the Wisconsin Department of Revenue's assessment of taxes. The Wisconsin Tax Appeals Commission has yet to render a decision on plaintiff's petition for review. The decision, when rendered by the Wisconsin Tax Appeals Commission, is subject to judicial review upon the application of either party to the Circuit Court of the State of Wisconsin. An appeal of the decision of the Circuit Court may be taken by either party to the Wisconsin Court of Appeals, an intermediate appellate court, as a matter of right. A decision by the Wisconsin Court of Appeals is subject to discretionary review by the Wisconsin Supreme Court upon a writ of certiorari filed by either party. Because a federal question is involved, either party may appeal a final decision of the Wisconsin courts to the Supreme Court of the United States.

On March 26, 1986, plaintiff filed this federal action. Plaintiff alleges that it is being subjected to double taxation on its income because of the inconsistent interpretations of 15 U.S.C. § 381(a) by the Wisconsin Department of Revenue and the Minnesota Department of Revenue. Defendant Wisconsin Department of Revenue construes plaintiff's activities relating to sales of its products to Minnesota purchasers as providing insufficient nexus to justify apportionment of plaintiff's income to and taxation by the State of Minnesota under 15 U.S.C. § 381(a). Defendant Minnesota Department of Revenue, on the other hand, construes plaintiff's same activities as establishing sufficient nexus to justify taxation by the State of Minnesota under 15 U.S.C. § 381. In order to avoid defendants' inconsistent interpretations of 15 U.S.C. § 381(a), plaintiff asks this Court for a declaratory judgment determining plaintiff's rights and legal relations as they relate to the imposition of taxes upon plaintiff's income by defendants.

Defendant Wisconsin Department of Revenue moves to dismiss plaintiff's claim.

## OPINION

Defendant Wisconsin Department of Revenue moves to dismiss plaintiff's claim on the following grounds: (1) that this Court does not have jurisdiction over this case due to the Tax Injunction Act, 28 U.S.C. § 1341; (2) that the suit is barred by the Eleventh Amendment; and (3) that the plaintiff has not exhausted its administrative remedies. This Court will first discuss defendant's argument based on the Tax Injunction Act.

The Tax Injunction Act, 28 U.S.C. § 1341, provides that:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Accordingly, this Court cannot have jurisdiction over this matter unless the remedies provided by Wisconsin and Minnesota are not "plain, speedy and efficient."

A review of the procedures for reviewing assessments and considering refund claims of Wisconsin and Minnesota indicates that each state affords plaintiff a full and fair opportunity to challenge the respective tax levies. Each state guarantees its taxpayers the right to appeal adverse administrative determinations to a court of record which can hear and resolve constitutional claims. Both states also authorize discretionary review by their highest court and also the United States Supreme Court, where a federal question is involved.

Although both Wisconsin and Minnesota afford plaintiff a full and fair opportunity to challenge the respective tax assessments, plaintiff asserts that these state remedies are inadequate because they require plaintiff to press suit in Wisconsin and Minnesota and because there is uncertainty about whether the decision of one state will bind the other state.

Both of these arguments were raised in a similar case. *Strescon Industries, Inc. v. Cohen*, 664 F.2d 929 (4th Cir.1981). In *Strescon*, appellant, a Maryland construction corporation, shipped materials from Maryland to Pennsylvania. Appellant paid

sales tax on these goods in Pennsylvania, but not Maryland. Maryland, however, claimed appellant was liable for sales tax in Maryland and assessed appellant for such tax. Appellant initiated administrative proceedings in Maryland for a revision of Maryland's assessment and in Pennsylvania to recover taxes already paid to Pennsylvania. Maryland and Pennsylvania both rejected plaintiff's claim. Subsequently, appellant brought an action in federal court, alleging that the state tax assessments taken together were unconstitutional. The federal district court dismissed appellant's claim on the basis that the Tax Injunction Act barred it from interfering with the States' procedures for resolving tax controversies. On appeal, appellant argued that the state procedures were inadequate because they required appellant to press multiple suits in both Maryland and Pennsylvania, and because there was uncertainty as to whether the courts of each state could or would interpret the revenue laws of the other state. The Fourth Circuit Court of Appeals found neither argument persuasive.

The Fourth Circuit stated:

Appellant need not challenge the actions of both Pennsylvania and Maryland in order to raise its constitutional objections. It could attack only one State's actions. Indeed, it seems clear that appellant's underlying contention is that one, but not both, of the States may levy sales or use taxes on the same product; there is no serious insistence that *neither* State may tax the transactions. In this context, appellant's decision to challenge both jurisdictions' exactions evinces a desire to preserve every possible claim it may have. Although this approach intimates a careful litigation strategy, it is insufficient to confer jurisdiction on the Federal courts. Unlike *Georgia Railroad & Banking Co. v. Redwine*, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335 (1952), where petitioner had to institute some 300 suits raising the same Federal claim, appellant here really has but one Federal claim, and that against a single State. It may elect to safeguard

its interests suing both states but that does not alter the essence of its challenge to the States' tax levies.

Viewing the controversy in this light, it becomes clear that appellant's second argument that neither State will consider appellant's constitutional claim, is also without merit. Resolution of this dispute simply does not depend upon whether Maryland court can render binding decisions on the constitutionality of Pennsylvania's taxing decisions or vice versa. It is sufficient that the courts of each State are empowered to determine whether their own laws are consonant with the Constitution. We have no reason to believe that these courts will not discharge their duties carefully and faithfully and, therefore, will not assume that they will deny appellant a fair hearing on his constitutional objections.

*Strescon*, 664 F.2d at 932.

This Court agrees with the Fourth Circuit's reasoning in *Strescon*, and believes that it is applicable to the case currently before the Court. Therefore, for the reasons set forth in *Strescon*, this Court rejects plaintiff's arguments that the state remedies provided by Wisconsin and Minnesota are not "proper, speedy, and efficient" remedies.

Since this Court has determined that Wisconsin and Minnesota provide plaintiff with "proper, speedy, and efficient" remedies, the Tax Injunction Act bars this Court from taking jurisdiction over this case and plaintiff's claim must be dismissed for lack of jurisdiction. Accordingly, defendant Wisconsin Department of Revenue's motion to dismiss is granted and plaintiff's claim against the Minnesota Department of Revenue is dismissed, *sua sponte.*

### ORDER

IT IS ORDERED that plaintiff's complaint is DISMISSED as to all parties on the basis of lack of subject matter jurisdiction.