842 F.2d 1200
 AMOCO PRODUCTION COMPANY and Marathon Oil Company,
Plaintiffs-Appellants,
v.
JICARILLA APACHE TRIBE, Jicarilla Apache Tribal Council,
Gwendolyn Velarde, Treasurer of the Jicarilla Apache Tribe,
James G. Watt, Secretary of the Interior, Antonio L.
Martinez, Director, Oil & Gas Accounting Division, Taxation
and Revenue Department, State of New Mexico, Defendants-Appellees.
 No. 82-1502.
 United States Court of Appeals,
Tenth Circuit.
 March 24, 1988.
 
 John R. Cooney of Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Mark B. Thompson, III, with him on the briefs), Albuquerque, N.M., for plaintiffs-appellants.
 Robert J. Nordhaus of Nordhaus, Haltom & Taylor, Albuquerque, N.M., for defendants-appellees Jicarilla Apache Tribe, Jicarilla Apache Tribal Council and Gwendolyn Velarde, Treasurer of the Jicarilla Apache Tribe.
 Martin W. Matzen, Dept. of Justice, Washington, D.C. (Carol E. Dinkins, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., William L. Lutz, U.S. Atty., and Raymond Hamilton, Asst. U.S. Atty., Albuquerque, N.M., and Jacques B. Gelin, Dept. of Justice, Washington, D.C., with him on the brief), for defendant-appellee Secretary of Interior.
 Paula Forney-Thompson, Asst. Atty. Gen., Taxation and Revenue Dept. (Denise D. Fort, Asst. Atty. Gen., Taxation and Revenue Dept., on the brief), Santa Fe, N.M., for defendant-appellee Antonio L. Martinez.
 Before SEYMOUR and SETH, Circuit Judges, and CHILSON, District Judge*.
 SETH, Circuit Judge.
 
 
 1
 This appeal comes to us on a denial by the trial court of motions to reinstate a complaint in a case which was originally tried and appealed to this court, reviewed by the Supreme Court, returned to us and remanded to the trial court. The movants then filed the motion to "reinstate" their complaints and attached amended complaints.
 
 
 2
 This matter was originally tried on complaints filed by the Amoco Production Company and Marathon Oil Company against officials of the Jicarilla Apache Tribe challenging a tribal severance tax on oil and gas produced on the reservation. The companies asserted that the Tribe had no authority to levy such a tax, that the Commerce Clause of the Constitution was violated by the combination of the tribal severance tax and the state severance tax on the same production, and thus in substance that only one tax could be levied.
 
 
 3
 The trial court held that the tribal tax was invalid. This court reversed (Merrion v. Jicarilla Apache Tribe, 617 F.2d 537) and the companies then sought and were granted certiorari by the Supreme Court. The Court "affirmed" without more this court's decision (Merrion v. Jicarilla Apache Tribe, 455 U.S. 130, 102 S.Ct. 894, 71 L.Ed.2d 21). We remanded to the trial court with directions to enter judgment for the Tribe. After remand the companies filed a motion to reinstate their complaints and, as mentioned, attached an amended complaint. This motion was considered by the trial court after briefing and it denied the motion. The companies appealed this ruling to this court. The matter was abated pending our consideration of Southland Royalty Co. v. Navajo Tribe, 715 F.2d 486 (10th Cir.), and other related cases.
 
 
 4
 The basic theory of the challenge by the companies to the taxes was that if both the state and the tribal taxes on production were imposed there would be a burden in violation of the Commerce Clause. This was alleged initially in several ways and is repeated, again with variations, in the amended complaint they seek to "reinstate." In their view, there can be only one of the taxes which can be valid. The trial court held that the multiple taxation was a burden on commerce not permitted by the Constitution.
 
 
 5
 Although the original complaint made a reference to the state tax, the original proceedings were concerned with the tribal tax. The companies dismissed their claim that the state tax was invalid. The trial court had indicated that if its ruling that the tribal tax was not valid was reversed it would consider the challenge to the state tax.
 
 
 6
 Necessarily with the multiple burden consideration and argument directed to the tribal tax the existence of the state tax had to be considered. The "amended complaint" sought to be reinstated is grounded on the multiple tax burden theory. It seeks a declaratory holding that the state tax is invalid or again that the tribal tax is invalid, and again that there can only be one tax on the same production.
 
 
 7
 In this appeal the significance of the Tax Injunction Act, 28 U.S.C. Sec. 1341, is before us as a jurisdictional issue by reason of the attempt by the companies to now, by the new complaint, challenge the state tax and to seek declaratory relief. In the Act it is provided that:
 
 
 8
 "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."
 
 
 9
 In our view, this provision is a bar to these proceedings and can be considered on this appeal. Neu v. Grant, 548 F.2d 281 (10th Cir.). The Supreme Court in California v. Grace Brethren Church, 457 U.S. 393, 102 S.Ct. 2498, 73 L.Ed.2d 93, held that the Act applied to actions seeking declaratory relief. The quoted provision states the standard to be applied to the state proceedings which are available: "a plain, speedy and efficient remedy." The companies have not shown that such a remedy to that standard does not exist and in fact they have sought relief in state proceedings under the state statute providing for payment under protest and a suit for refund. (New Mexico Stat.Annot. Secs. 7-29-12, 7-30-16 (1978))
 
 
 10
 When our decision in Merrion was affirmed by the Supreme Court the case came back to our court, as mentioned above, "affirmed" without further explanation or direction. We thereupon remanded the case to the trial court with the statement: "The cause is remanded with direction to enter judgment in favor of appellants [the Jicarilla Apache Tribe]." There was no room under this remand for further proceedings as all issues had been disposed of. Rutherford v. United States, 806 F.2d 1455 (10th Cir.).
 
 
 11
 The companies here seek to litigate again the matters decided by this court in Merrion v. Jicarilla Apache Tribe, 617 F.2d 537 (10th Cir.), and by the Supreme Court in the review of our Merrion decision, 455 U.S. 130, 102 S.Ct. 894, 71 L.Ed.2d 21.
 
 
 12
 We held in Merrion as to the multiple burden issue:
 
 
 13
 "That New Mexico may be able to impose an identical tax on lessees does not implicate the federal interest in maintaining the flow of interstate commerce at all...."
 
 
 14
 The issue was further examined in our Merrion opinion. We also decided the Commerce Clause and equal protection issues in Southland Royalty Co. v. Navajo Tribe, 715 F.2d 486 (10th Cir.). See also Kerr-McGee v. Navajo Tribe, 471 U.S. 195, 105 S.Ct. 1900, 85 L.Ed.2d 200.
 
 
 15
 There is no requirement, under these circumstances, that if a multiple tax burden is so asserted, that both the state and the Tribe be parties as the movants seem to urge. The Supreme Court in its decision in this case made no indication that there be such a requirement. Nor has it done so in any case. The state was not a party in the proceeding in this case before the Court, but the Court did consider and decide the validity of the tribal tax. It said: "[T]he severance tax imposed by the Tribe cannot be invalidated on the ground that it violates the 'negative implications' of the Commerce Clause."
 
 
 16
 In Strescon Industries, Inc. v. Cohen, 664 F.2d 929 (4th Cir.), the Fourth Circuit considered the imposition of taxes on the same construction work by Strescon in two different states. The court there stated:
 
 
 17
 "It is sufficient that the courts of each State are empowered to determine whether their own laws are consonant with the Constitution."
 
 
 18
 This, in substance, is what we held in this case, 617 F.2d 537, as quoted above.
 
 
 19
 The Supreme Court in Merrion considered the multiple tax issue referring to Standard Oil Co. v. Peck, 342 U.S. 382, 72 S.Ct. 309, 96 L.Ed. 427, and Exxon Corp. v. Wisconsin Dept. of Revenue, 447 U.S. 207, 100 S.Ct. 2109, 65 L.Ed.2d 66. It stated in part in footnote 26:
 
 
 20
 "Petitioners contend that because New Mexico may tax the same mining activity at full value, the Indian tax imposes a multiple tax burden on interstate commerce in violation of the Commerce Clause. The multiple taxation issue arises where two or more taxing jurisdictions point to some contact with an enterprise to support a tax on the entire value of its multistate activities, which is more than the contact would justify. E.g., Standard Oil Co. v. Peck, 342 U.S. 382, 384-385 [72 S.Ct. 309, 310-311, 96 L.Ed. 427] (1952). This Court has required an apportionment of the tax based on the portion of the activity properly viewed as occurring within each relevant State....
 
 
 21
 "This rule has no bearing here, however, for there can be no claim that the Tribe seeks to tax any more of petitioners' mining activity than the portion occurring within tribal jurisdiction. Indeed, petitioners do not even argue that the Tribe is seeking to seize more tax revenues than would be fairly related to the services provided by the Tribe. See supra [455 U.S.], at 157, and n. 23 [102 S.Ct. at 911, and n. 23]. In the absence of such an assertion, and when the activity taxed by the Tribe occurs entirely on tribal lands, the multiple taxation issue would arise only if a State attempted to levy a tax on the same activity, which is more than the State's contact with the activity would justify. In such a circumstance, any challenge asserting that tribal and state taxes create a multiple burden on interstate commerce should be directed at the state tax, which, in the absence of congressional ratification, might be invalidated under the Commerce Clause. These cases, of course, do not involve a challenge to state taxation, and we intimate no opinion on the possibility of such a challenge." (Emphasis in original.)
 
 
 22
 In our view, the position urged by the companies as to the Commerce Clause has been decided against them.
 
 
 23
 The refusal by the trial court to "reinstate" the complaint of the companies is AFFIRMED.
 
 
 24
 IT IS SO ORDERED.
 
 
 
 *
 Honorable Hatfield Chilson, United States District Judge for the District of Colorado, sitting by designation